USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/18/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

               Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

               Defendants.

18-cv-11111 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action against Defendants Anthony Annucci, Thomas Griffin, Donald Wilkins, Sergeant M. Blot, Dr. Karuchee, Officer R. Kelly, Officer CJ Dillon, Officer Roggers, Sergeant Johanni, Officer Freeman, OSI Inspector H. Pharr, OSI Deputy Chief Y. Urracia, Dr. Bentivegna, OMH Jane Doe, John Does 1 and 2, and Colleen Gleason through a Complaint filed on November 28, 2018. (ECF No. 2.) In March 2019, Plaintiff submitted requests to this Court for the appointment of *pro bono* counsel, for a preliminary injunction, and for clarification on the Court's Supplemental Order of Service. (ECF Nos. 30 – 32.) For the following reasons, Plaintiff's requests for *pro bono* counsel and for a preliminary injunction are DENIED. The Court provides clarification on its Supplemental Order of Service below.

### I. Request for Appointment of *Pro Bono* Counsel

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60 – 61.

Plaintiff's request for *pro bono* counsel cannot be granted at this early stage in the litigation. Not all parties have yet been identified or served, and none of the served Defendants have had the opportunity to answer the Complaint. Because the pleadings stage of this litigation has not yet been completed, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

## II. Request for Preliminary Injunction

Plaintiff requests that this Court issue a preliminary injunction, requiring Defendants to transfer him to a different facility. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def.*

*Council, Inc.*, 555 U.S. 7, 22 (2008). In the Second Circuit, a party seeking a preliminary injunction "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010); *see also Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009). Where a party seeks a mandatory injunction "altering, rather than maintaining, the status quo," such as in this case, that party "must meet [a] more rigorous standard." *Almontaser v. N. Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (internal alterations omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) ("[W]e have required the movant to meet a higher standard where . . . an injunction will alter, rather than maintain, the status quo . . . ."). The moving party must establish a " 'clear' or 'substantial' likelihood of success," or show that "extreme or very serious damage" would result in the absence of preliminary relief. *Tom Doherty Assocs.*, 60 F.3d at 34.

Here, Plaintiff has failed to demonstrate that he is entitled to the extraordinary remedy of a preliminary injunction. Plaintiff has made no showing that he is likely to succeed on the merits of his Complaint. Moreover, Defendants have not yet had the opportunity to file answers, so it is very difficult to determine whether Plaintiff has a clear or substantial likelihood of success. He also did not point to any questions going to the merits, let alone sufficiently serious questions, as to make them fair grounds for litigation or that the balance of hardships tips decidedly in his favor. Moreover, courts have consistently held that inmates do not have a right to serve a sentence in any particular institution or not to be transferred. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983*); Best v. Terrell*, No. 10-CV-738(ARR)(RML), 2010 WL 662415, at *1 (E.D.N.Y. Feb. 22, 2010); *Jarecke v. Hensley*, 552 F. Supp. 2d 261, 265 (D. Conn. 2008). "A district court 'has no authority

3

to order that a convicted defendant be confined in a particular facility . . . those decisions are within the sole discretion of the Bureau of Prisons.' " *Best*, 2010 WL 662415, at *1 (quoting *United States v. Williams,* 65 F.3d 301, 307 (2d Cir. 1995)). Because Plaintiff has failed to show that a preliminary injunction is warranted to prevent his transfer and because the decision of whether to transfer inmates rests with the Bureau of Prisons, Plaintiff's request for a preliminary injunction is denied.

### III. Request for Clarification

In its Supplemental Order of Service, issued on March 5, 2019, the Court directed Plaintiff to provide further descriptive information to assist Defendants in identifying the two John Doe corrections officers who escorted Plaintiff from Green Haven to the Mount Vernon Hospital on December 30, 2015. (ECF No. 28.) Plaintiff was ordered to provide this supplemental descriptive information to Defendants and the Court by April 4, 2019. (*Id.*)

Plaintiff disputes Defendants' statement in the March 1, 2019 letter (ECF No. 27) that Defendants are no longer in possession of the travel logs for December 30, 2015. While the Court acknowledges Plaintiff's arguments, it sees no reason not to believe Defendants when they state that they no longer have access to the logs, and Plaintiff presents no evidence to convince the Court that it should not credit Defendants' statement. Plaintiff is required to provide any further descriptive information that would assist Defendant in identifying these individuals. This descriptive information may include height, gender, hair color, or any other descriptive characteristics. However, the Court is not requesting that Plaintiff amend his Complaint. If Plaintiff would like to amend his Complaint, he may file a separate motion to amend his Complaint.

4

## CONCLUSION

For the foregoing reasons, because the Court does not find any circumstances which warrant the appointment of pro bono counsel at this time, Plaintiff's motion for the appointment of *pro bono* counsel is DENIED without prejudice to renewal at a later stage in the proceedings. Plaintiff's request for a preliminary injunction is DENIED, and Plaintiff is required to provide the Court and Defendants with further descriptive identifying information about the John Does by April 4, 2019 pursuant to the Court's March 5, 2019 Order. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and to show proof of service on the docket.

Dated: March 18, 2019
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge