UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

                      Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/28/19

18-cv-11111 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action against Defendants Anthony Annucci, Thomas Griffin, Donald Wilkins, Sergeant M. Blot, Dr. Karuchee, Officer R. Kelly, Officer CJ Dillon, Officer Roggers, Sergeant Johanni, Officer Freeman, OSI Inspector H. Pharr, OSI Deputy Chief Y. Urracia, Dr. Bentivegna, OMH Jane Doe, John Does 1 and 2, and Colleen Gleason through a Complaint filed on November 28, 2018. (ECF No. 2.) In March 2019, Plaintiff submitted requests to this Court for the appointment of *pro bono* counsel, for a preliminary injunction, and for clarification on the Court's Supplemental Order of Service. (ECF Nos. 30 – 32.) The Court, in an Opinion filed on March 18, 2019, denied Plaintiff's requests for *pro bono* counsel and for preliminary injunction and provided clarification on the Court's Supplemental Order of Service. (ECF No. 36.) On March 25, 2019, the Plaintiff submitted another request to this Court for a preliminary injunction. (ECF No. 37.) For the reasons below, Plaintiff's request is DENIED.

## DISCUSSION

Plaintiff requests that this Court issue a preliminary injunction requiring Defendants to transfer him to a different facility because, according to Plaintiff, his mail is being tampered with and he is been subjected to retaliatory actions for filing this action. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled

to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). In the Second Circuit, a party seeking a preliminary injunction "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010); *see also Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009). Where a party seeks a mandatory injunction "altering, rather than maintaining, the status quo," such as in this case, that party "must meet [a] more rigorous standard." *Almontaser v. N. Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (internal alterations omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) ("[W]e have required the movant to meet a higher standard where . . . an injunction will alter, rather than maintain, the status quo . . . ."). The moving party must establish a " 'clear' or 'substantial' likelihood of success," or show that "extreme or very serious damage" would result in the absence of preliminary relief. *Tom Doherty Assocs.*, 60 F.3d at 34.

Plaintiff states, incorrectly, that the Court did not respond to his previous request for a preliminary injunction. The Court in fact responded as part of its March 18, 2019 Opinion and attaches that filing to this Opinion. Plaintiff's current request for a preliminary injunction presents no new information which would change the Court's previous decision. As with his last request for preliminary injunction, Petitioner is asking the Court to order that he be transferred to a "Max A" prison because his mail is being tampered with and he is enduring retaliation. These are serious allegations. "An inmate who has experienced specific retaliation should utilize his administrative and judicial remedies." *Read v. Kwiatkowski*, No. 15-CV-6475(CJS)(JWF), 2017 WL 2805032, at *3 (W.D.N.Y. June 29, 2017). However, Plaintiff again fails to demonstrate that he is entitled to the extraordinary remedy of a preliminary injunction. Plaintiff has made no showing that he is

likely to succeed on the merits of his Complaint. Moreover, Defendants have not yet had the opportunity to file answers, which are due by May 31, 2019, so it is very difficult to determine whether Plaintiff has a clear or substantial likelihood of success. He also did not point to any questions going to the merits, let alone sufficiently serious questions, as to make them fair grounds for litigation or that the balance of hardships tips decidedly in his favor. Moreover, Plaintiff's requested injunction, transfer, is one that courts have consistently rejected because inmates do not have a right to serve a sentence in any particular institution or not to be transferred. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983*); Best v. Terrell*, No. 10-CV-738(ARR)(RML), 2010 WL 662415, at *1 (E.D.N.Y. Feb. 22, 2010); *Jarecke v. Hensley*, 552 F. Supp. 2d 261, 265 (D. Conn. 2008). "A district court 'has no authority to order that a convicted defendant be confined in a particular facility . . . those decisions are within the sole discretion of the Bureau of Prisons.' " *Best*, 2010 WL 662415, at *1 (quoting *United States v. Williams,* 65 F.3d 301, 307 (2d Cir. 1995)).

The Court notes that Plaintiff sent this preliminary injunction with a different prisoner's name and number on the envelope in an effort to ensure that the Court received his motion. This measure appears to be unnecessary as the court did receive, and respond to, Plaintiff's previous request for a preliminary injunction. Plaintiff has not shown that Defendants' are preventing him from corresponding with the Court. In fact, the Court continues to receive and respond to Plaintiff's submissions. *See Smith v. Goord*, No.04-CV-6432(CJS), 2006 WL 4070305, at *1 (W.D.N.Y. Dec. 7, 2006) (denying the *pro se* plaintiff a preliminary injunction to prevent prison officials from tampering with his mail because the plaintiff did not show that he was being prevented from corresponding with the court). The Court will direct the Clerk of the Court to send Plaintiff a copy of the docket in this matter so that the Plaintiff may review evidence of the Court's receipt of his submissions.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Opinion and a copy of the docket to Plaintiff at his address as listed on ECF and to show proof of service on the docket.

Dated: March 28, 2019
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge