USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

      Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

      Defendants.

18-cv-11111 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action against Defendants Anthony Annucci, Thomas Griffin, Donald Wilkins, Sergeant M. Blot, Dr. Karuchee, Officer R. Kelly, Officer CJ Dillon, Officer Roggers, Sergeant Johanni, Officer Freeman, OSI Inspector H. Pharr, OSI Deputy Chief Y. Urracia, Dr. Bentivegna, OMH Jane Doe, John Does 1 and 2, and Colleen Gleason through a Complaint filed on November 28, 2018. (ECF No. 2.) Plaintiff now submits a third request for a temporary restraining order and preliminary injunction as well as a motion to amend the Complaint. (ECF Nos. 39 & 40.)

For the reasons below, Plaintiff's request for a temporary restraining order and preliminary injunction is DENIED and his motion for leave to amend his Complaint is GRANTED.

## BACKGROUND

On January 3, 2019, the Court issued a *Valentin* Order seeking the identities of John Does 1 and 2 and who escorted Plaintiff to the Mount Vernon Hospital on December 30, 2015. The Court also sought the identities of "Ms. K," who interacted with Plaintiff at Green Haven Correctional Facility's Office of Mental Health ("OMH") on December 31, 2015 and of Jane Doe, who admitted Plaintiff to OMH on February 18, 2016. (ECF No. 12.) Defendants responded to the *Valentin* Order by letter on March 1, 2019. (ECF No. 27.) They were able to identify Ms. K as Colleen Gleason but could not identify Jane Doe because Plaintiff was not admitted to OMH on

February 18, 2016, and they were also unable to identify John Does because the facility was no longer in possession of the travel logs for December 30, 2015. The Court issued a supplemental order of service on March 5, 2019, removing Ms. K from the suit and ordering that Colleen Gleason be served. (ECF No. 28.) The Court also directed Plaintiff to provide additional descriptive information to Defendants to allow them to identify the unnamed defendants. Plaintiff responded on March 11, 2019 and expressed disbelief that Defendant would no longer be in possession of the travel log identifying the John Does. (ECF No. 32.) Turning to Jane Doe, he agreed that he had never been admitted to OMH on February 18, 2016 and expressed confusion as to why Defendants focused on that date. However, he provided no additional identifying information to allow Defendants to identify the Jane Doe who admitted Plaintiff to OMH.

In March 2019, Plaintiff submitted requests to this Court for the appointment of *pro bono* counsel, for a preliminary injunction, and for clarification on the Court's Supplemental Order of Service. (ECF Nos. 30 – 32.) The Court, in an Opinion filed on March 18, 2019, denied Plaintiff's requests for *pro bono* counsel and for preliminary injunction and provided clarification on the Court's Supplemental Order of Service. (ECF No. 36.) On March 25, 2019, the Plaintiff submitted another request to this Court for a preliminary injunction (ECF No. 37) which the Court denied on March 28, 2019. (ECF No. 38.)

## DISCUSSION

**I.  Request for temporary restraining order and preliminary injunction**

With this third request, Plaintiff submits no new information which would entitle him to his requested relief.[1] Plaintiff again alleges that his mail is being tampered with[2] and that he has been subjected to retaliatory actions for filing this action.

The Court, again, acknowledges that these are serious allegations. "An inmate who has experienced specific retaliation should utilize his administrative and judicial remedies." *Read v. Kwiatkowski*, No. 15-CV-6475(CJS)(JWF), 2017 WL 2805032, at *3 (W.D.N.Y. June 29, 2017). However, Plaintiff again fails to demonstrate that he is entitled to the extraordinary remedy of a preliminary injunction. Plaintiff has made no showing that he is likely to succeed on the merits of his Complaint, and virtually nothing has changed from the last time Plaintiff asked this Court for, and was denied, the same relief. Defendants still have not yet had the opportunity to file answers, which are due by May 31, 2019, so it is very difficult to determine whether Plaintiff has a clear or substantial likelihood of success. Additionally, the Court reminds Plaintiff that "[a] district court

---

[1] Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). In the Second Circuit, a party seeking a preliminary injunction "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010); *see also Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009). Where a party seeks a mandatory injunction "altering, rather than maintaining, the status quo," such as in this case, that party "must meet [a] more rigorous standard." *Almontaser v. N. Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (internal alterations omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) ("[W]e have required the movant to meet a higher standard where . . . an injunction will alter, rather than maintain, the status quo . . . ."). The moving party must establish a " 'clear' or 'substantial' likelihood of success," or show that "extreme or very serious damage" would result in the absence of preliminary relief. *Tom Doherty Assocs.*, 60 F.3d at 34.

[2] Again, the fact that Plaintiff is sending the Court documents under a different name does not prove that Defendants are preventing Plaintiff's mail from reaching the Court. On March 6, 2019, the Court received a submission in an envelope labeled with Plaintiff's name. (ECF No. 30.) The Court appears to still be receiving mail from Plaintiff in envelopes with his name and has received the subsequent mail Plaintiff sent labeled with the names of others. The Plaintiff has not shown that he is being prevented from corresponding with the Court. *See Smith v. Goord*, No.04-CV-6432(CJS), 2006 WL 4070305, at *1 (W.D.N.Y. Dec. 7, 2006) (denying the *pro se* plaintiff a preliminary injunction to prevent prison officials from tampering with his mail because the plaintiff did not show that he was being prevented from corresponding with the court).

'has no authority to order that a convicted defendant be confined in a particular facility . . . those decisions are within the sole discretion of the Bureau of Prisons.'" *Best v. Terrell*, No. 10-CV-738(ARR)(RML), 2010 WL 662415, at *1 (E.D.N.Y. Feb. 22, 2010) (quoting *United States v. Williams,* 65 F.3d 301, 307 (2d Cir. 1995)).

## II. Response to request for descriptive information on unnamed Defendants

Plaintiff does not provide additional descriptive information to enable Defendants to identify John Does or Jane Doe. While Plaintiff again expresses his skepticism that Defendants do not have a record of John Does from December 30, 2015, and again expresses confusion as to why the date February 18, 2016 would be associated with Jane Doe, he provides no additional information that would allow Defendants to identify those defendants. It is not enough for Plaintiff to state that he does not know why Jane Doe is associated with February 18, 2016.[3] That statement does not provide Defendants any additional description, whether of her appearance or of the date Jane Doe interacted with Plaintiff, to identify Jane Doe. The Court agrees that correctional facilities must carefully maintain their travel logs, but the Court cannot require Defendants to produce a travel log from December 30, 2015 that they no longer possess.[4] Based on the information provided in Plaintiff's submissions at ECF Nos. 30, 37 and 40, Defendants are ordered to again attempt to identify the two John Does who escorted Plaintiff to Mount Vernon Hospital on December 30, 2015 and Jane Doe who admitted Plaintiff to the OMH and to provide those

---

[3] Plaintiff uses the date "2/8/16" in his submission, but the Court assumes that Plaintiff meant February 18, 2016, as this is the Date associated with Jane Doe in the Order of Service and Defendants' response to Plaintiff's *Valentin* order. (ECF Nos. 12 & 27.) The Complaint describes Jane Doe as a person "working at Green Haven on the night I was suppose [sic] to be sent to outside hospital, but admitted me into OMH status for prison officials." (Compl. ¶ 15, ECF No. 2.) Later in the Complaint, Plaintiff states that he was sent to OMH after he was raped, even though he had injuries requiring medical attention at a hospital. (*Id.* ¶¶ 10 – 11.) From the context, it appears that this event happened around either February 18, 2016 or February 28, 2016. (*Id.*)

[4] Plaintiff requests that the Court order Defendants to provide further descriptive information on "the 2/8/2016 incident," but Plaintiff misunderstands the purpose of the *Valentin* order. Because Plaintiff has named the Jane and John Does as Defendants in this matter, Plaintiff has the burden to provide Defendant with the descriptive information they reasonably require to identify those individuals so that they may be served and brought into the action.

identities and service addresses to the Court and Plaintiff no later than May 3, 2019. Defendants should also search their records to see whether Plaintiff was admitted to OMH on February 28, 2016, as Plaintiff appears to identify that date in his Complaint. If Plaintiff was admitted on that date, Defendants are directed to determine whether they can identify Jane Doe from those records.

### III. Motion to amend complaint

Defendants have not yet filed answers to Plaintiff's Complaint, and their answers are not due until May 31, 2019. Accordingly, and because Plaintiff has not previously amended his Complaint, the Court grants Plaintiff's motion to file an Amended Complaint and notes that Defendants' responses will be due at a later date based on Plaintiff's submission of the Amended Complaint.

### CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is DENIED. Plaintiff's motion to file an Amended Complaint is GRANTED. Plaintiff must file his Amended Complaint no later than May 31, 2019 and is directed to include the new Defendants identified by or before May 3, 2018, if any in the Amended Complaint. A blank Amended Complaint form is attached hereto. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 39 and to mail a copy of this Opinion and a copy of the docket to Plaintiff at his address as listed on ECF and to show proof of service on the docket.

Dated: April 10, 2019
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

      -against-

_____
_____
_____
_____
_____
_____
_____

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No
      (check one)

___ Civ. _____ ( )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.**      **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
               ID#_____
               Current Institution_____
               Address_____
               _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____
                       Where Currently Employed _____
                       Address _____
                       _____

|   |   |   |   |
|---|---|---|---|
| | Defendant No. 2 | Name _____ | Shield #_____ |
| | | Where Currently Employed _____ | |
| | | Address _____ | |
| | | _____ | |
| | Defendant No. 3 | Name _____ | Shield #_____ |
| | | Where Currently Employed _____ | |
| | | Address _____ | |
| | | _____ | |

> **Who did what?**

      Defendant No. 4    Name _____ Shield #_____

                              Where Currently Employed _____

                              Address _____

      Defendant No. 5    Name _____ Shield #_____

                              Where Currently Employed _____

                              Address _____

II.      **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

    A.    In what institution did the events giving rise to your claim(s) occur?

    B.    Where in the institution did the events giving rise to your claim(s) occur?

    C.    What date and approximate time did the events giving rise to your claim(s) occur?

    D.    Facts:_____

> **What happened to you?**

___

| Was anyone else involved? |

___

| Who else saw what happened? |

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

___

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

     Yes ____     No ____     Do Not Know ____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

     Yes ____     No ____     Do Not Know ____

     If YES, which claim(s)?

     _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

     Yes ____     No ____

     If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

     Yes ____     No ____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?

     _____

     1.     Which claim(s) in this complaint did you grieve?

           _____

           _____

     2.     What was the result, if any?

           _____

           _____

     3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

           _____

           _____

           _____

           _____

F.     If you did not file a grievance:

     1.     If there are any reasons why you did not file a grievance, state them here:

           _____

           _____

           _____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.** **Previous lawsuits:**

**On these claims**

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3. Docket or Index number _____

_____ 4. Name of Judge assigned to your case_____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes _____ No _____

If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No _____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3. Docket or Index number _____

_____ 4. Name of Judge assigned to your case_____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20__.

                        Signature of Plaintiff  _____
                        Inmate Number  _____
                        Institution Address  _____
                                              _____
                                              _____

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                        Signature of Plaintiff:  _____