```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: 5/1/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

                     Plaintiff,

         -against-

ANTHONY ANNUCCI, et al.,

                     Defendants.

18-cv-11111 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Willie Bright, proceeding *pro se* and *in forma pauperis*, commenced this 42 U.S.C. § 1983 action through a Complaint filed on November 28, 2018. (ECF No. 2.) On July 25, 2019, Plaintiff filed an Amended Complaint adding several new Defendants. (ECF No. 57.) As of the Court's issuance of the Fifth Supplemental Order of Service dated March 13, 2020, all Defendants have been identified, and service has been directed upon each Defendant. (ECF No. 81.) By letter received on March 25, 2020, Plaintiff submitted his third request to this Court for the appointment of *pro bono* counsel. (ECF No. 83.) Plaintiff attaches records related to his commitment at Central New York Psychiatric Center in late 2015.

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. See *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. See *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

    The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986).

These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60 – 61.

Plaintiff's request for *pro bono* counsel cannot be granted at this early stage in the litigation. Although all parties have finally been identified and served, none of the served Defendants have answered the Complaint. Because the pleadings stage of this litigation has not yet been completed, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

For the foregoing reasons, because the Court does not find any circumstances which warrant the appointment of pro bono counsel at this time, Plaintiff's motion for the appointment of *pro bono* counsel is DENIED without prejudice to renewal at a later stage in the proceedings.

Defendants' counsel, the New York State Attorney General, is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on ECF and file proof of such service on the docket.

Dated: May 1, 2020
       White Plains, New York

SO ORDERED.

_____
NELSON S. ROMÁN
United States District Judge