USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIE BRIGHT,

                Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

                Defendants.

18-cv-11111 (NSR)

ORDER

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff Willie Bright, proceeding pro se and *in forma pauperis* ("IFP"), commenced this 42 U.S.C. § 1983 action through a Complaint filed on November 28, 2018. (ECF No. 2.) Plaintiff submitted three prior requests for pro bono counsel on March 6, 2019 (ECF No. 30), October 18, 2019 (ECF No. 65), and March 25, 2020. (ECF No. 83.) The Court had denied each of Plaintiff's requests for pro bono counsel without prejudice on March 18, 2019 (ECF No. 36), November 8, 2019 (ECF No. 66), and May 1, 2020. (ECF No. 89.) On September 28, 2021, the Court granted in part and denied in part Defendants' Motions to Dismiss, with four of Plaintiff's claims surviving and three of Plaintiff's claims dismissed without prejudice. (ECF No. 110.) Before the Court is Plaintiff's fourth request for pro bono counsel submitted to the Court by letter received on October 22, 2021. (ECF No. 114.) For the following reasons, Plaintiff's request for pro bono counsel is GRANTED.

**LEGAL STANDARD**

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent pro se litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant

by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in pro se cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the pro se litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the pro se litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply brightline rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks*, 114 F.3d at 392–93. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

The last time the Court evaluated Plaintiff's request for appointment of pro bono counsel, it determined that there was no indication that Plaintiff's position shows a strong chance of success or that the legal issues are particularly complex because it was still in an early stage of litigation and the pleadings stage was not yet complete. (ECF No. 89 at 2.) The Court also concluded that, at the time, it could not conclude that Plaintiff is unable to handle his case without assistance, noting this conclusion may change as the action progresses. (*Id.*) Now, as the action progressed past the Motion to Dismiss stage, the Court is faced with a different set of circumstances.

As an initial matter, the Court has determined, based on a review of Plaintiff's IFP application, (ECF No. 10), that Plaintiff qualifies as indigent. Therefore, Plaintiff has satisfied the first *Hodge* factor.

In his Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 for excessive force, deliberate indifference to medical needs, retaliation, and failure to protect. (ECF No. 57.) Four of Plaintiff's claims survived the Motions to Dismiss stage. These surviving claims are: (1) First Amendment retaliation claims against Defendants Sergeant M. Blot, Dr. Karuchee, Colleen Gleason, and C.O. Ersan Kahyaoglu; (2) Eighth Amendment excessive force claims against Defendants Sergeant M. Blot, Officer R. Kelly, Officer CJ Dillon, Officer Roggers, Sergeant Johanni, and Officer Freeman; (3) Eighth Amendment deliberate indifference to medical needs claims against Defendants Adam Barter, Thomas Griffin, Donald Wilkins, Anthony J. Annucci, Susanne Roessel, Lieutenant Orazio Bucolo, Dr. Bentivegna, and Charlene Cody; and (4) Eighth Amendment failure to protect claims against Defendants Anthony J. Annucci, Chief Y. Urracia, and Charlene Cody. At this stage, the Court finds that Plaintiff's claims, having survived a motion to dismiss, are "likely to be of substance." *Hodge*, 802 F.2d at 62; *O'Diah v. TBTA-Triborough Bridge & Tunnel Auth.*, No. 19-CV-7586 (VSB), 2021 WL 3631121, at *1 (S.D.N.Y.

July 16, 2021) (finding Eighth Amendment claims "likely to be of substance" after surviving motion to dismiss).

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff's ability to investigate his claims are likely limited due to his incarceration and potential difficulties surrounding Covid-19 protocols. Additionally, Plaintiff has filed a letter containing allegations of continued harassment, trouble with receiving legal documents in their entirety, and placement in the Mental Health Crisis Unit that has prevented him from having access to legal materials and resources. *See Brown v. Griffin*, No. 19-CV-2296 (NSR), 2021 WL 4263162, at *3 (S.D.N.Y. Aug. 25, 2021) (granting pro bono counsel in similar circumstances). Plaintiff also expressed having difficulty understanding the Court's Orders and what standards are necessary to make out his case. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for pro bono counsel is GRANTED. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and the Plaintiff should be prepared to proceed with the case pro se with no delays. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See http://www.nysd.circ2.den/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is kindly directed to mail a copy of this Order to pro se Plaintiff at the address listed on ECF and show proof of service on the docket. The Clerk of Court is further directed to terminate the motion at ECF No. 114.

Dated:   October 28, 2021
        White Plains, New York

NELSON S. ROMÁN
United States District Judge