UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/2022

WILLIE BRIGHT,

                      Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

                      Defendants.

18-cv-11111 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Willie Bright ("Plaintiff"), proceeding *pro se*, commenced this 42 U.S.C. § 1983 action against Defendants Anthony Annucci, Thomas Griffin, Donald Wilkins, Sergeant M. Blot, Dr. Karuchee, Officer R. Kelly, Officer CJ Dillon, Officer Roggers, Sergeant Johanni, Officer Freeman, OSI Inspector H. Pharr, OSI Deputy Chief Y. Urracia, Dr. Bentivegna, OMH Jane Doe, John Does 1 and 2, and Colleen Gleason through a Complaint filed on November 28, 2018. (ECF No. 2.) Before the Court is Plaintiff's fourth request for a preliminary injunction and temporary restraining order.[1] (ECF Nos. 125–128.)

    For the reasons below, Plaintiff's request for a preliminary injunction and temporary restraining order is DENIED.

## BACKGROUND

    In March 2019, Plaintiff submitted requests to this Court for the appointment of *pro bono* counsel, for a preliminary injunction, and for clarification on the Court's Supplemental Order of Service. (ECF Nos. 30–32.) The Court, in an Opinion filed on March 18, 2019, denied Plaintiff's requests for *pro bono* counsel and for preliminary injunction and provided clarification on the Court's Supplemental Order of Service. (ECF No. 36.) On March 25, 2019, Plaintiff submitted a

---

[1] Plaintiff also requested an "extension of time to amend and permission to consolidate supplemental action." (ECF No. 125.) This has been addressed by Magistrate Judge Paul E. Davison by Order dated December 29, 2021. (ECF No. 130.)

second request to this Court for a preliminary injunction (ECF No. 37) which the Court denied on March 28, 2019.  (ECF No. 38.)  On April 4, 2019, Plaintiff submitted a third request for a temporary restraining order and preliminary injunction as well as a motion to amend the Complaint.  (ECF Nos. 39–40.)  This Court denied Plaintiff's request for a temporary restraining order and preliminary injunction and granted his motion for leave to amend his Complaint.  (ECF No. 41.)

## LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  In the Second Circuit, a party seeking a preliminary injunction "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party."  *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010); *see also Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009).  Where a party seeks a mandatory injunction "altering, rather than maintaining, the status quo," such as in this case, that party "must meet [a] more rigorous standard."  *Almontaser v. N. Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (internal alterations omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) ("[W]e have required the movant to meet a higher standard where . . . an injunction will alter, rather than maintain, the status quo . . . .").  The moving party must establish a "'clear' or 'substantial' likelihood of success," or show that "extreme or very serious damage" would result in the absence of preliminary relief.  *Tom Doherty Assocs.*, 60 F.3d at 34.

## DISCUSSION

Plaintiff alleges Defendants transferred him to another correctional facility and continue to make threats against Plaintiff in retaliation for his filing of the instant action. (ECF Nos. 125, 128). Plaintiff requests for the Court to issue a preliminary injunction to Defendants and all staff at Clinton Correctional Facility "acting in concert with them to remain entirely away from Plaintiff at all times until this legal action have been determined as untrue" and for Defendant Annucci to "ensure Plaintiff's complete safety at Clinton CF moving forward, or relocate Plaintiff to [a] safer . . . location." (ECF No. 127 at 2.) However, with this fourth request for preliminary injunction, Plaintiff submits no new information which would entitle him to his requested relief.

The Court acknowledges that these are serious allegations. "An inmate who has experienced specific retaliation should utilize his administrative and judicial remedies." *Read v. Kwiatkowski*, No. 15-CV-6475(CJS)(JWF), 2017 WL 2805032, at *3 (W.D.N.Y. June 29, 2017). However, Plaintiff again fails to demonstrate that he is entitled to the extraordinary remedy of a preliminary injunction. Plaintiff has still made no showing that he is likely to succeed on the merits of his complaint. Plaintiff filed a Second Amended Complaint on December 3, 2021 (ECF No. 122) and thereafter requested for an extension of time to further amend his complaint. (ECF No. 125.) Plaintiff was granted the motion to amend and has until January 28, 2022 to amend or supplement his pleading. (ECF No. 130.) Defendants still have not yet had the opportunity to file answers, so it is very difficult to determine whether Plaintiff has a clear or substantial likelihood of success.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 125 and to mail a copy of this Opinion and a copy of the docket to Plaintiff at his address as listed on ECF and to show proof of service on the docket.

Dated:  January 12, 2022
         White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge