UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

                Plaintiff,

- *against* -

ANTHONY J. ANNUCCI, *et al.*,

                Defendants.

18 Civ. 11111 (NSR)(PED)

**ORDER**

Copies mailed 10/31/22
Chambers of Judge Davison

**PAUL E. DAVISON, U.S.M.J.:**

On December 27, 2021, Plaintiff *pro se* filed a "Motion for Extension of Time to Amend, an [sic] Permission to Consolidate Supplemental Action, According to F.R.C.P.R. 15(d)". Dkt. 125. I granted Plaintiff's motion "only to the extent that Plaintiff may move to amend or supplement his complaint by January 28, 2022." Dkt. 130. After several extensions, Plaintiff filed a document styled "Supplemental Complaint" through papers dated July 6, 2022. *See* Dkt. 142. I construed Plaintiff's filing as a motion to file a Supplemental Complaint and scheduled a hearing to address the motion. Dkt. 143. The State Defendants filed a letter opposing the Supplemental Complaint [Dkt. 145], and counsel who briefly represented Plaintiff filed a brief in Support of Plaintiff's motion. [Dkt. 151.] At a hearing on September 13, 2022, at which Plaintiff was represented by counsel, the Court indicated that the motion would be denied. However, Plaintiff's counsel was subsequently granted leave to withdraw, and, on October 17, 2022 Plaintiff *pro se* filed a document styled "Motion for Reconsideration of Plaintiff's Supplemental Complaint Pursuant, FRCPR 15(d)" [sic] in which he indicates his belief that "AT THE SEP 13 SC HEARING JUDGE DAVISON NEVER ON THE RECORD RULED FOR OR AGAINST

THE SC AND ONLY STATED HE WAS LEANING AGAINST IT[.]" [Dkt. 183, p.2.] In the interest of eliminating any ambiguity in the record, and for the reasons set forth below, Plaintiff's motion to file a Supplemental Complaint is **DENIED.**

By way of background, Plaintiff's most recently amended complaint identifies the defendants as Adam Barter, Anthony Annucci, Anthony Ruvo, Bentivegna, Charlene Cody, Colleen Gleason, C.J. Dillon, Donald Wilkins, Ersan Kahyaglu, Freeman, H. Pharr, Qureshi (sued as Karuchee), M. Blot, Orazio Bucolo, Roggers, Suzanne Roessel, M. Schmidt, John Does (strip search officers), Thomas Griffin, Yitzchak Sudranski, Y. Urracia, and Johaneman (sued as Johanni). Dkt. 122. Plaintiff alleges that these defendants engaged in deliberate indifference to his medical needs, failed to protect him, engaged in retaliation, raped him, assaulted and battered him, sexually assaulted him, engaged in sexual discrimination, used excessive force, and engaged in hate crimes against non-gender conforming people. *Id.* Plaintiff's allegations are based on an alleged sexual assault that took place on December 29, 2015, a complaint and transfer based on that sexual assault, an alleged sexual assault on February 28, 2016, and an alleged rape that took place on September 5, 2016. Plaintiff alleges that these events occurred while he was incarcerated at Green Haven Correctional Facility.

In contrast, Plaintiff's "Supplemental Complaint" introduces new claims against new defendants.[1] Plaintiff identifies the defendants as Anthony Annucci, Earl Bell, D. McIntosh, Sweeney, Durkin, Strack, John Doe #1 (CCF Sergeant SHU), John Doe #2 (OSI employee), John Does #3-6 (Correction Officers SHU), Jane Does #1-2 (CCF Nurses), Mary Beth, McCoyrn,

---

[1] The only common defendant is Anthony Annucci, who is sued in his capacity as the statewide Acting Commissioner of the New York State Department of Corrections and Community Supervision.

Rossey, Scott, G. Savage, G. Cleveland, Galonney, John Doe #7 (OSI Commissioner, B. Eggleston, T. Harrigan, Jane Doe #3 (Grievance Supervisor), and John Doe #8 (Grievance Sergeant). Dkt. 142. Plaintiff alleges that these defendants engaged in deliberate indifference and failed to protect him. His allegations are based upon events that occurred upon his arrival at Clinton Correctional Facility on August 27, 2020. He claims that he was pressured to withdraw this case, and that when he refused to do so, he was put into a very cold room, denied work in prison, denied food, the water in his cell was shut off, his legal work was destroyed, his personal property was destroyed, and he was forced to receive a COVID vaccine. Plaintiff further alleges that he was pressured to perform oral sex on one of the sergeants and that after a suicide attempt, he was beaten and sexually assaulted.

Thus, Plaintiff's proposed Supplemental Complaint asserts new claims against new defendants, based on events alleged to have occurred nearly five years after the events alleged in the underling Amended Complaint, and which are alleged to have occurred at a different correctional facility located in the Northern District of New York. Supplementation under Rule 15(d) "must be denied" where "the claims asserted in the proposed supplemental pleading represent an entirely separate incident, involving different correctional officials." *McLean v. Scully*, 1991 WL 274327 at *1 (S.D.N.Y. Dec. 9, 1991); *see also Destine v. Joseph*, 2021 WL 5827652, at *2 (S.D.N.Y. Dec. 8, 2021) (denying plaintiff's motion to amend and/or supplement because the additional facts and parties were "entirely divorced from any relevant issues or parties in this litigation.").[2]

---

[2] Copies of unreported cases cited herein will be mailed to Plaintiff as a *pro se* litigant. *See Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Accordingly, Plaintiff's motion to file a Supplemental Complaint is **DENIED**. Plaintiff *pro se* is advised that, if he wishes to seek review of this Order, he must do so within 14 days of being served with a copy of this Order. *See* Rule 72(a), Fed. R. Civ. P.; 28 U.S.C. § 636(a).

The Clerk shall close Dkt. 183.

Dated: October 31, 2022
White Plains, New York

**SO ORDERED**

PAUL E. DAVISON, U.S.M.J.