USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___12/27/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

                        Plaintiff,

  -against-

ANTHONY J. ANNUCCI, *et al.*,

                        Defendants.

No. 18 Civ. 11111 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Willie Bright ("Plaintiff") commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with his incarceration at Green Haven Correctional Facility (the "Second Amended Complaint"). (*See* ECF No. 122.) This case was referred to Magistrate Judge Paul E. Davison for general pre-trial purposes. (*See* ECF No. 117.) On December 27, 2021, Plaintiff filed a "Motion for Extension of Time to Amend an [sic] Permission to Consolidate Supplemental Action, According to F.R.C.P. 15(d)." (ECF No. 125.) Judge Davison granted Plaintiff's motion "only to the extent that Plaintiff may move to amend or supplement his complaint by January 28, 2022." (ECF No. 130.) After requesting and receiving several extensions, Plaintiff filed a document styled "Supplemental Complaint," dated July 6, 2022. (ECF No. 142.) Judge Davison interpreted the document as a motion to file an amended or supplemental complaint, pursuant to the Court's Order at ECF No. 130, and accordingly he scheduled a hearing to address the motion. (ECF No. 143.) After a hearing on September 13, 2022 and upon review of the parties' papers (ECF No. 145 and 151), Judge Davison denied Plaintiff's motion to file an amended or supplemental complaint. (ECF No. 188.) This Court interprets Judge Davison's opinion as a Report and Recommendation ("R&R") on Plaintiff's motion to file a Supplemental Complaint, to which Plaintiff now objects. (ECF No. 193.)

For the following reasons, the Court ADOPTS Judge Davison's R&R in its entirety.

## BACKGROUND

On November 28, 2018, Plaintiff initiated this *pro se* action pursuant to 42 U.S.C. § 1983 against numerous employees of the New York State Department of Corrections and Community Supervision ("DOCCS") and a private physician arising from repeated brutal sexual assaults by correctional officers, deprivations of medical care, and retaliations against him over the course of one year. (ECF No. 2.) Plaintiff was later granted leave to file an Amended Complaint, which Plaintiff filed on July 25, 2019. (ECF No. 57.) Plaintiff asserted claims for excessive force, deliberate indifference to medical needs, retaliation, and failure to protect. (*Id.*) He asserted some or all of these claims against approximately 21 DOCCS employees, i.e., Anthony J. Annucci ("Annucci"), Thomas Griffin ("Griffin"), Donald Wilkins ("Wilkins"), Sergeant M. Blot ("Blot"), Dr. Karuchee ("Karuchee"), Officer R. Kelly ("Kelly"), Officer CJ Dillon ("Dillon"), Officer Roggers ("Roggers"), Sergeant Johanni ("Johanni"), Officer Freeman ("Freeman"), OSI Inspector H. Pharr ("Pharr"), OSI Deputy Chief Y. Urracia ("Urracia"), Dr. Bentivegna ("Bentivegna"), Colleen Gleason ("Gleason"), Yitzchak Sudranski ("Sudranski"), C.O. Ersan Kahyaoglu ("Kahyaoglu"), Susanne Roessel ("Roessel"), Adam Barter ("Barter"), Irma Russo ("Russo"), Charlene Cody ("Cody"), and Lieutenant Orazio Bucolo ("Bucolo") (collectively, the "DOCCS Defendants"). Plaintiff also asserted a claim for deliberate indifference to medical needs as against private physician Dr. Anthony Ruvo ("Dr. Ruvo"). In response, the DOCCS Defendants filed a motion to partially dismiss the Amended Complaint (ECF No. 107), and Dr. Ruvo filed a motion to dismiss the Amended Complaint (ECF No. 104).

In an Opinion & Order dated September 28, 2021, the Court dismissed the following claims without prejudice: (A) Eighth Amendment deliberate indifference to medical needs claims against

Defendants Blot, Karuchee, Gleason, Kahyaoglu, Sudranski, and Dr. Ruvo; (B) Eighth Amendment failure to protect claims against Defendants Griffin, Wilkins, and Pharr; and (C) official liability claims relating to injunctive relief.  (ECF No. 110 at 41.)  The Court noted the surviving claims were: (1) First Amendment retaliation claims against Defendants Blot, Karuchee, Gleason, and Kahyaoglu; (2) Eighth Amendment excessive force claims against Defendants Blot, Kelly, Dillon, Roggers, Johanni, and Freeman; (3) Eighth Amendment deliberate indifference to medical needs claims against Defendants Barter, Griffin, Wilkins, Annucci, Roessel, Bucolo, Bentivegna, and Cody; and (4) Eighth Amendment failure to protect claims against Defendants Defendants Annucci, Urracia, and Cody.  (*Id.* at 42.)  The Court then granted Plaintiff leave to replead any claims dismissed without prejudice.  (*Id.*)  The Court explained that "an amendment to a complaint completely supplants the previous complaint"; "in other words, [Plaintiff] must include all allegations he wishes to be considered in the Second Amended Complaint and if he fails to include any allegations, he cannot rely upon the fact that he previously asserted allegations in the Complaint or Amended Complaint."  (*Id.*)

Plaintiff filed a Second Amended Complaint on December 3, 2021.  (ECF No. 122.)  In his Second Amended Complaint, Plaintiff asserts claims against Annucci, Griffin, Wilkins, Blot, Karuchee, Dillon, Roggers, Johanni, Freeman, Pharr, Urracia, Bentivegna, Gleason, Sudranski, Kahyaoglu, Roessel, Barter, Cody, Bucolo, Ruvo, and M. Schmidt.  Excluding M. Schmidt, Plaintiff's Second Amended Complaint includes claims asserted against the same Defendants named in Plaintiff's Amended Complaint.  Like the Amended Complaint, the Second Amended Complaint includes claims related to events that occurred while Plaintiff was incarcerated at Green Haven Correctional Facility.

Plaintiff then filed papers on December 27, 2021 titled "Motion for Extension of Time to Amend an [sic] Permission to Consolidate Supplemental Action, According to F.R.C.P. 15(d)." (ECF No. 125.) Judge Davison granted Plaintiff's motion "only to the extent that Plaintiff may move to amend or supplement his complaint by January 28, 2022." (ECF No. 130.)

Plaintiff requested, and received, five extensions of time to file his amended or supplemented complaint, pursuant to the Court's Order at ECF No. 130. Plaintiff then filed a document styled as "Supplemental Complaint," dated July 6, 2022. (ECF No. 142.) Judge Davison construed Plaintiff's filing as a "*motion* to file a Supplemental Complaint," and he observed that "[u]pon preliminary review, Plaintiff's filing appears to assert new claims arising out of new allegations, based on events alleged to have occurred at a different correctional facility." (ECF No. 143.) Judge Davison scheduled a hearing for August 22, 2022 to address the motion, asking the parties to file written submissions in advance. (*Id.*) Defendants filed a letter opposing Plaintiff's motion (ECF No. 145), and counsel who briefly represented Plaintiff filed a brief in support of Plaintiff's motion (ECF No. 151). The hearing was adjourned to September 13, 2022, where the Court informed Plaintiff (then represented by counsel) that the motion would likely be denied. Plaintiff responded by filing a document styled as "Motion for Reconsideration of Plaintiff's Supplemental Complaint Pursuant, FRCPR 15(d)," [sic] in which Plaintiff suggested Judge Davison did not rule "on the record" regarding Plaintiff's motion to file a Supplemental complaint. (ECF No. 183 at 2.) Accordingly, by order dated October 31, 2022, Judge Davison denied Plaintiff's motion to file a Supplemental Complaint. (ECF No. 188.) This Court interprets Judge Davison's order as an R&R.

Plaintiff's proposed Supplemental Complaint introduces new claims against new defendants. Defendant Annucci is the only common defendant between the Second Amended

4

Complaint and the Supplemental Complaint. In addition to Annucci—the only common defendant—Plaintiff names 24 new Defendants, none of whom (it appears) are employed by Green Haven Correctional Facility. Many of the Defendants work at Clinton Correctional Facility, where Plaintiff is currently incarcerated. Plaintiff alleges that these Defendants, starting on August 27, 2020 upon Plaintiff's transfer to Clinton Correctional Facility, retaliated against Plaintiff for not withdrawing the instant action. Plaintiff alleges several acts of retaliation, including the denial of work and food as well as the destruction of his legal documents and personal property. Plaintiff also alleges he was forced to receive the COVID vaccine against his will. Lastly, Plaintiff claims he was beaten and sexually assaulted on multiple occasions.

Plaintiff now asks this Court to reconsider Judge Davison's R&R. (ECF No. 193.) This Court interprets Plaintiff's request as an objection to Judge Davison's R&R.

## **LEGAL STANDARDS**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel*

5

*Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

To the extent a party makes specific objections to an R&R, a district court must review those parts *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Mate Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In *de novo* review, district courts must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5Q66, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

Although Plaintiff's objections to Judge Davison's R&R "simply reiterate[] the original arguments," *Harris*, 2008 WL 772568, at *6, this Court nonetheless reviews the R&R *de novo*. Applying *de novo* review, this Court ADOPTS Judge Davison's R&R.

**DISCUSSION**

Under Rule 15(d), a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Any supplemental facts contained in a supplemental pleading must be "connected to the original pleading." *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019); *see also Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (S.D.N.Y. 1991) ("A supplemental pleading is designed to cover matters that occur subsequent to the filing of the complaint, but pertain to the original pleadings."). When there is no "nexus between the events alleged in [the] original complaint and those alleged in [the] proposed supplemental complaint," or if the new events did not arise "out of the same conduct or occurrences as those in the original pleading," leave to supplement (or amend) a complaint will be properly denied. *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995); *see also Taylor v. Macomber*, No. 97 Civ. 4127 (DAB), 1999 WL 349696, at *6 (S.D.N.Y. May 27, 1999) (denying motion for leave to amend where proposed allegations bore "no relation whatsoever to the claims presented in the" prior complaint).

Here, Plaintiff seeks leave to file a Supplemental Complaint that contains new allegations related to alleged retaliation occurring nearly five years after the events alleged in the underlying Amended Complaint and which took place at a different correctional facility located in a different judicial district. At best, the only common link between the two claims is Plaintiff's "conclusory allegation that the actions of the newly named defendants in [August 2020] were in retaliation for the filing of his lawsuit in [2018]." *McLean v. Scully*, No. 90 CIV. 2590 (SWK), 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991). As such, Plaintiff's motion "must be denied." *Id.* To the extent Plaintiff asserts new claims arising several years after those included in his Second Amended

Complaint and occurring at a different facility, Plaintiff's remedy is to commence a new, separate action.

## **CONCLUSION**

For the foregoing reasons, Judge Davison's R&R is ADOPTED. Plaintiff's motion to file a Supplemental Complaint is DENIED. This Court now considers the Second Amended Complaint (ECF No. 122) to be the operative complaint.

The Clerk of Court is directed to mail a copy of this Opinion & Order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

SO ORDERED.

Dated: December 27, 2022
White Plains, New York

NELSON S. ROMÁN
United States District Judge