USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

                     Plaintiff,

  -against-

ANTHONY J. ANNUCCI, *et al.*,

                    Defendants.

No. 18 Civ. 11111 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Willie Bright ("Plaintiff") commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with his incarceration at Green Haven Correctional Facility (the "Second Amended Complaint"). (*See* ECF No. 122.) This case was referred to Magistrate Judge Paul E. Davison for general pre-trial purposes. (*See* ECF No. 117.) On December 27, 2021, Plaintiff filed a "Motion for Extension of Time to Amend an [sic] Permission to Consolidate Supplemental Action, According to F.R.C.P. 15(d)." (ECF No. 125.) Judge Davison granted Plaintiff's motion "only to the extent that Plaintiff may move to amend or supplement his complaint by January 28, 2022." (ECF No. 130.) After requesting and receiving several extensions, Plaintiff filed a document styled "Supplemental Complaint," dated July 6, 2022. (ECF No. 142.) Judge Davison interpreted the document as a motion to file an amended or supplemental complaint (here, Plaintiff's Supplemental Complaint at ECF No. 142), pursuant to the Court's Order at ECF No. 130, and accordingly he scheduled a hearing to address the motion. (ECF No. 143.) After a hearing on September 13, 2022 and upon review of the parties' papers (ECF No. 145 and 151), Judge Davison denied Plaintiff's motion to file the Supplemental Complaint. (ECF No. 188.) This Court interpreted Judge Davison's opinion as a Report and

Recommendation ("R&R") on Plaintiff's motion to file the Supplemental Complaint, to which Plaintiff objected. (ECF No. 193.)

In an Opinion and Order dated December 27, 2022, this Court agreed with Judge Davison's opinion, denying Plaintiff's motion to file the Supplemental Complaint. (ECF No. 199.) In so doing, this Court reviewed Plaintiff's papers, including Plaintiff's motion for a "de novo" review of Plaintiff's motion to file the Supplemental Complaint (ECF No. at 191). Included in Plaintiff's motion for a "de novo" review was "new evidence" to support how Plaintiff's proposed Supplemental Complaint was "legally and adequately related to his original complaint." (*Id.*) In sum, this Court reviewed Plaintiff's "new evidence" as well as all docket entries associated with Plaintiff's motion, Judge Davison's ruling, and Plaintiff's objection to or appeal of Judge Davison's ruling.

Reviewing these papers, this Court conducted a "de novo" review of Plaintiff's motion, though this Court could have reviewed Judge Davison's ruling on Plaintiff's motion for "clear error."[1] (ECF No. 199 at 5–6.) Reviewing *de novo* Plaintiff's motion, this Court found that Plaintiff's Supplemental Complaint contained new allegations related to retaliation occurring

---

[1] District courts may designate a magistrate judge to hear and decide a pretrial matter that is "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). Under Rule 72, a district court judge reviews a magistrate judge's resolution of these pretrial matters under the "clearly erroneous or ... contrary to law" standard. *Id.* A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC*, 623 F. App'x 7, 12 (2d Cir. 2015) (citing *N.Y. Progress & Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (internal quotation marks omitted)). A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure." *Thai Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (internal citation omitted). "A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009). This standard is "highly deferential, and magistrate judges are afforded broad discretion in resolving nondispositive disputes; reversal is appropriate only if their discretion is abused." *Rouviere v. DePuy Orthopaedics, Inc.*, 18-cv-4814 (LJL), 2021 WL 4255042, at *3 (S.D.N.Y. Sept. 17, 2021). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843(JFK), 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

nearly five years after the events alleged in the underlying Amended Complaint and taking place at a different correctional facility located in a different judicial district.  (*Id.* at 7.)  The only common link between the two complaints was Plaintiff's "conclusory allegation that the actions of the newly named defendants" in August 2020 "were in retaliation for the filing of his lawsuit" in 2018.  (*Id.* (citing *McLean v. Scully*, No. 90 CIV. 2590 (SWK), 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991).)  Accordingly, the Court denied Plaintiff's motion to file a Supplemental Complaint.  (*Id.*)  The Court also reminded Plaintiff that to the extent he seeks to "assert[ ] new claims arising several years after those included in his Second Amended Complaint and occurring at a different facility, Plaintiff's remedy is to commence a new, separate action."  (*Id.* at 7–8)

In a letter dated January 26, 2023, Plaintiff objects to this Court's Opinion & Order.  (ECF No. 208.)  Plaintiff asserts he was "given no R&R from Magistrate Judge Davison" and that his "legal objection was not about a[n] R&R from Judge Davison."  (*Id.*)  Plaintiff reiterates he sent a "de novo request" to this Court "specifically about there being evidence in this Court record of 'Legal Consolidation Permission' being granted by Judge Davison and him then departing from that permission."  (*Id.*)  As stated above, on December 27, 2021, Plaintiff filed a "Motion for Extension of Time to Amend an [sic] Permission to Consolidate Supplemental Action, According to F.R.C.P. 15(d)."  (ECF No. 125.)  Judge Davison granted Plaintiff's motion "only to the extent that Plaintiff may move to amend or supplement his complaint by January 28, 2022."  (ECF No. 130.) Importantly, Plaintiff was not granted permission to file a Supplemental Complaint; instead, Plaintiff was granted permission to file a motion to "amend or supplement his complaint."  (*Id.*)  In other words, the Court would first review any proposed amended or supplemented complaint before granting Plaintiff leave to file it.  Judge Davison did just that: he reviewed Plaintiff's Supplemental Complaint, and he denied Plaintiff leave to file that Supplemental Complaint

because the Supplemental Complaint bore little relation to the allegations in the Second Amended Complaint. (ECF No. 188.)

This Court considered Judge Davison's ruling a "Report & Recommendation" because this Court has authority to adopt or reject Judge Davison's ruling. (ECF No. 199 at 1.) And reject Judge Davison's ruling is precisely what Plaintiff asks this Court to do. (ECF No. 208.) Regardless of semantics, Plaintiff at base asks this Court to review Plaintiff's motion to file the Supplemental Complaint and determine whether Judge Davison ruled wrongly in rejecting Plaintiff's motion. (*Id.*) Even though this Court was entitled to review Judge Davison's ruling for "clear error," it chose to review *de novo* Plaintiff's motion to file the Supplemental Complaint. (ECF No. 199 at 5–6.) Because this Court has already done what Plaintiff asked of it—consider Plaintiff's "new evidence" and review *de novo* Plaintiff's motion to file a Supplemental Complaint—and because Plaintiff has presented no new arguments since then, this Court OVERRULES Plaintiff's objection to this Court's December 27, 2022 Opinion & Order and again DENIES Plaintiff's motion to file a Supplemental Complaint.

## CONCLUSION

For the foregoing reasons, this Court OVERRULES Plaintiff's objection to this Court's December 27, 2022 Opinion & Order. As such, this Court DENIES Plaintiff's motion to file the Supplemental Complaint. This Court considers the Second Amended Complaint (ECF No. 122) to be the operative complaint. The Clerk of Court is directed to mail a copy of this Opinion & Order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

SO ORDERED.

Dated: February 3, 2023
White Plains, New York

                                            NELSON S. ROMÁN
                                            United States District Judge