```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

        Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

        Defendants.

18-cv-11111 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

  The Court is in receipt of a letter from Plaintiff, dated March 24, 2023. (ECF No. 212.) Plaintiff writes to inform and petition the Court as follows:

(1) Despite receiving a copy of the U.S. Marshal's unexecuted process receipt (ECF No. 210)—which informed Plaintiff that Defendant Nurse M. Schmidt no longer is employed at Green Haven Correctional Facility—Plaintiff informs the Court of his belief that Defendant Schmidt is indeed still employed at Green Haven Correctional Facility.

(2) Despite this Court's prior denials of Plaintiff's request for leave to file a consolidated complaint alleging ongoing constitutional violations (*see* ECF Nos. 188, 199, and 209), Plaintiff again requests leave to file a consolidated complaint.

(3) Plaintiff requests all claims against Defendant Yitzchak Sudranksi be dismissed in the same manner as those claims against former Defendant Irman Russo (*see* ECF No. 110 at 36 (dismissing with prejudice all claims against Russo)).

(4) Plaintiff notifies the Court of his new address: DIN No: 91-A-4231, Attica Correctional Facility, P.O. Box 149, Attica, NY 14011.

(5) Plaintiff informs the Court that his opposition papers to Defendants' motion to dismiss are complete, and thus he requests permission to serve his opposition papers prior to the May 15, 2023 date imposed by the Court at ECF No. 207.

In view of the foregoing,

**FIRST**, the Court reminds Plaintiff that the Court has ordered Defendants to ascertain the address of Defendant Schmidt. (ECF No. 211.) Upon receipt of Defendants' response—which is due April 15, 2023—this Court will issue an order directing service upon Defendant.

**SECOND**, this Court finds no circumstances warranting departure from its prior orders (*see* ECF Nos. 188, 199, and 209) denying Plaintiff's request for leave to file a consolidated complaint alleging ongoing constitutional violations. Plaintiff is reminded that to the extent he seeks to "assert[ ] new claims" of *ongoing* constitutional violations "arising several years after those included in his Second Amended Complaint and occurring at a different facility, Plaintiff's remedy is to commence a new, separate action." (ECF No. 199 at 7–8.) Plaintiff's request for leave to file a consolidated complaint is DENIED.

The Plaintiff may consult the legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, the Plaintiff may mail a signed retainer and intake papers to the NYLAG Pro Se Clinic at 40 Foley Square, Room LL22, New York, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the Clinic to contact the litigant. Please see the pages attached hereto for the Clinic's retainer and intake paperwork.

**THIRD**, this Court GRANTS Plaintiff's request to dismiss Defendant Yitzchak Sudranksi from the action.  As it did with Defendant Russo, this Court dismisses with prejudice all claims against Defendant Sudranksi.

**FOURTH**, this Court directs Plaintiff to its order at ECF No. 207.  Plaintiff's opposition papers are to be served (not filed) on or before May 15, 2023, and Defendants' reply papers are to be served on June 2, 2023.  All motion papers are to be filed by Defendants (including *pro se* Plaintiff's papers) on the reply date, June 2, 2023.

All claims against Defendant Sudranksi are dismissed with prejudice, and as such, the Clerk of Court is respectfully directed to terminate Defendant Sudranksi from the docket.

The Clerk of Court is further directed to mail a copy of this Order to *pro se* Plaintiff and to show service on the docket.

SO ORDERED.

Dated:   April 12, 2023
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                              _____
Signature                                                                                        Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

# NYLAG
New York Legal Assistance Group

**Name** _____  **Date of Birth** _____

**Facility** _____

**Identification #** _____  **Email (if available)** _____

### How did you hear about our clinic? (Circle One)

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

### Ethnicity (Circle One)

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

### Education Level (Circle One)

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**