USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

                      Plaintiff,

   -against-

ANTHONY J. ANNUCCI, *et al.*,

                      Defendants.

No. 18 Civ. 11111 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Willie Bright ("Plaintiff") commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with his incarceration at Green Haven Correctional Facility (the "Second Amended Complaint"). (*See* ECF No. 122.) Presently before the Court are Plaintiff's (a) motion for reconsideration, (b) Plaintiff's motion to certify an interlocutory appeal, and (c) Plaintiff's motion for an extension of time. For the foregoing reasons, the Court DENIES Plaintiff's motions for reconsideration and to certify an interlocutory appeal and GRANTS Plaintiff's motion for an extension of time.

## BACKGROUND

    Plaintiff asserted claims for excessive force, deliberate indifference to medical needs, retaliation, and failure to protect. (*Id.*) He asserted some or all of these claims against approximately 21 employees of the New York Department of Corrections and Community Supervision ("DOCCS"), *i.e.*, Anthony J. Annucci ("Annucci"), Thomas Griffin ("Griffin"), Donald Wilkins ("Wilkins"), Sergeant M. Blot ("Blot"), Dr. Karuchee ("Karuchee"), Officer R. Kelly ("Kelly"), Officer CJ Dillon ("Dillon"), Officer Roggers ("Roggers"), Sergeant Johanni ("Johanni"), Officer Freeman ("Freeman"), OSI Inspector H. Pharr ("Pharr"), OSI Deputy Chief Y. Urracia ("Urracia"), Dr. Bentivegna ("Bentivegna"), Colleen Gleason ("Gleason"), Yitzchak

Sudranski ("Sudranski"), C.O. Ersan Kahyaoglu ("Kahyaoglu"), Susanne Roessel ("Roessel"), Adam Barter ("Barter"), Irma Russo ("Russo"), Charlene Cody ("Cody"), and Lieutenant Orazio Bucolo ("Bucolo") (collectively, the "DOCCS Defendants"). Plaintiff also asserted a claim for deliberate indifference to medical needs as against private physician Dr. Anthony Ruvo ("Dr. Ruvo"). In response, the DOCCS Defendants filed a motion to partially dismiss the Amended Complaint (ECF No. 107), and Dr. Ruvo filed a motion to dismiss the Amended Complaint (ECF No. 104).

In an Opinion & Order dated September 28, 2021, the Court dismissed the following claims without prejudice: (A) Eighth Amendment deliberate indifference to medical needs claims against Defendants Blot, Karuchee, Gleason, Kahyaoglu, Sudranski, and Dr. Ruvo; (B) Eighth Amendment failure to protect claims against Defendants Griffin, Wilkins, and Pharr; and (C) official liability claims relating to injunctive relief. (ECF No. 110 at 41.) Importantly, the Court also allowed several claims to advance past the pleadings stage: (1) First Amendment retaliation claims against Defendants Blot, Karuchee, Gleason, and Kahyaoglu; (2) Eighth Amendment excessive force claims against Defendants Blot, Kelly, Dillon, Roggers, Johanni, and Freeman; (3) Eighth Amendment deliberate indifference to medical needs claims against Defendants Barter, Griffin, Wilkins, Annucci, Roessel, Bucolo, Bentivegna, and Cody; and (4) Eighth Amendment failure to protect claims against Defendants Defendants Annucci, Urracia, and Cody. (*Id.* at 42.) The Court then granted Plaintiff leave to replead any claims dismissed without prejudice. (*Id.*)

Plaintiff timely filed a Second Amended Complaint on December 3, 2021. (ECF No. 122.) In his Second Amended Complaint, Plaintiff asserts claims against Defendants Annucci, Griffin, Wilkins, Blot, Karuchee, Dillon, Roggers, Johanni, Freeman, Pharr, Urracia, Bentivegna, Gleason, Sudranski, Kahyaoglu, Roessel, Barter, Cody, Bucolo, Ruvo, and M. Schmidt. Excluding M.

Schmidt, Plaintiff's Second Amended Complaint includes claims asserted against Defendants named in Plaintiff's Amended Complaint. Like the Amended Complaint, the Second Amended Complaint includes claims related to events that occurred while Plaintiff was incarcerated at Green Haven Correctional Facility.

Plaintiff then filed papers on December 27, 2021 titled "Motion for Extension of Time to Amend an [sic] Permission to Consolidate Supplemental Action, According to F.R.C.P. 15(d)." (ECF No. 125.) Judge Davison granted Plaintiff's motion "only to the extent that Plaintiff may move to amend or supplement his complaint by January 28, 2022." (ECF No. 130.) Plaintiff requested, and received, five extensions of time to file his amended or supplemental complaint, pursuant to the Court's Order at ECF No. 130. Plaintiff then filed a document styled as "Supplemental Complaint," dated July 6, 2022. (ECF No. 142.)

Plaintiff's Supplemental Complaint introduced new claims against new defendants. Defendant Annucci was the only common defendant between the Second Amended Complaint and the Supplemental Complaint. In addition to Annucci—the only common defendant—Plaintiff named 24 new Defendants, none of whom (it appeared) were employed by Green Haven Correctional Facility. Many of the Defendants worked at Clinton Correctional Facility, where Plaintiff was incarcerated during the time period relevant to the allegations in the Supplemental Complaint. Plaintiff alleged that these Defendants, starting on August 27, 2020 upon Plaintiff's transfer to Clinton Correctional Facility, retaliated against Plaintiff for not withdrawing the present action.

After a hearing on September 13, 2022 and upon review of the parties' papers (ECF No. 145 and 151), Judge Davison denied Plaintiff's motion to file an amended or supplemental complaint. (ECF No. 188.) The Court interpreted Judge Davison's order as a Report and

Recommendation ("R&R") on Plaintiff's motion to file the Supplemental Complaint, to which Plaintiff objected. (ECF No. 193, 199.) Reviewing *de novo* Plaintiff's motion, this Court found that Plaintiff's Supplemental Complaint contained new allegations related to retaliation occurring nearly five years after the events alleged in the underlying Amended Complaint and taking place at a different correctional facility located in a different judicial district. (ECF No. 199 at 7.) The only common link between the two complaints was Plaintiff's "conclusory allegation that the actions of the newly named defendants" in August 2020 "were in retaliation for the filing of his lawsuit" in 2018. (*Id.* (citing *McLean v. Scully*, No. 90 CIV. 2590 (SWK), 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991).) Accordingly, the Court denied Plaintiff's motion to file a Supplemental Complaint. (*Id.*)

Upon Plaintiff's motion for reconsideration, the Court again denied Plaintiff's motion to file a Supplemental Complaint. (ECF No. 209.) The Court also denied two of Plaintiff's later motions again seeking reconsideration of the Court's decision. (ECF Nos. 213 & 223.) In each, the Court echoed the same reasoning: the Court found "no circumstances warranting departure from its prior orders." In other words, Plaintiff's argument remained the same as the one the Court previously rejected: Plaintiff (who is now incarcerated at Attica Correctional Facility) is *currently* facing retaliation—several years after the underlying conduct alleged in the Second Amended Complaint (which took place at Green Haven Correctional Facility)—for refusing to dismiss the present action. Over the past two months, Plaintiff has filed five additional documents requesting the Court either (a) reconsider the Court's prior orders denying Plaintiff's motion to file supplemental pleadings, or (b) certify Plaintiff's interlocutory appeal of the Court's prior orders denying Plaintiff's motion. (*See* ECF Nos. 226, 238–241.) As such, presently before the Court are Plaintiff's motion for reconsideration and Plaintiff's motion to certify an interlocutory appeal.

4

Plaintiff has also asked the Court for an extension of time to respond to Defendants' pending motions to dismiss. The Court addresses each in turn.

    **I.    Motion to File a Supplemental Complaint**

First, Plaintiff asks the Court to reconsider its prior orders denying Plaintiff's motion to file supplemental pleadings.[1] To support his renewed request, Plaintiff now asserts that officials at Attica Correctional Facility—where Plaintiff is now incarcerated—are retaliating against Plaintiff for refusing to dismiss the present action.

Under Rule 15(d), a party may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Any supplemental facts contained in a supplemental pleading must be "connected to the original pleading." *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019); *see also Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (S.D.N.Y. 1991) ("A supplemental pleading is designed to cover matters that occur subsequent to the filing of the complaint, but pertain to the original pleadings."). When there is no "nexus between the events alleged in [the] original complaint and those alleged in [the] proposed supplemental complaint," or if the new events did not arise "out of the same conduct or occurrences as those in the original pleading," leave to supplement (or amend) a complaint will be properly denied. *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995); *see also Taylor v. Macomber*, No. 97 Civ. 4127 (DAB), 1999 WL 349696, at *6 (S.D.N.Y. May 27, 1999) (denying motion for leave to amend where proposed allegations bore "no relation whatsoever to the claims presented in the" prior complaint).

---

[1] At times, Plaintiff styles his motion to supplement as a Rule 15(a) motion to amend. Whereas Rule 15(a) permits a party to include matters previously "overlooked or unknown" at the time of the original pleading, Rule 15(d) permits a party to set forth events that "have happened since" the date of the original pleading. *See, e.g., Carter v. Artuz*, No. 95 CIV. 2361 CSH KNF, 1998 WL 782022, at *2 (S.D.N.Y. Nov. 6, 1998). Notwithstanding this difference, "the Rule 15(d) standard is functionally identical to the standard set forth in Rule 15(a)." *Instinet Inc. v. Ariel (UK) Ltd.*, No. 08 CIV. 7141 JFK RLE, 2011 WL 4444086, at *2 n.1 (S.D.N.Y. Sept. 26, 2011) (citing *Gittens v. Sullivan*, 670 F. Supp. 119, 123–24 (S.D.N.Y. 1987)).

Here, Plaintiff again seeks leave to file a Supplemental Complaint that contains new allegations related to alleged retaliation *currently* occurring nearly eight years after the events alleged in the underlying Second Amended Complaint. Although the Court is sympathetic to Plaintiff's allegations of retaliation, these allegations are not related to the underlying misconduct in the Second Amended Complaint but rather Plaintiff's filing of the present action. Put differently, the only common link between the Second Amended Complaint and Plaintiff's proposed supplemental pleading is Plaintiff's allegation that the present and recent actions of DOCCS prison officials across multiple correctional facilities were in retaliation for the filing of the present lawsuit in 2018. *See McLean v. Scully*, No. 90 CIV. 2590 (SWK), 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (denying Plaintiff's motion to supplement where supplemental pleadings were related to complaint only insofar as Plaintiff alleged retaliation for filing original complaint and where adding supplemental claims would "not result in any saving of court time or other efficiencies"); *see also Smith v. Goord*, No. 04-CV-6432, 2007 WL 496371, at *3 (W.D.N.Y. Feb. 12, 2007) (denying Plaintiff's motion to supplement where claims of retaliation were not "sufficiently related to the original claims" and where "adding the new claims would not promote the economical and speedy disposition of the controversy"). In view of the lack of relatedness to the underlying misconduct and in the exercise of the Court's discretion, the Court denies Plaintiff's motion.

## II.  Motion to Certify Interlocutory Appeal

Second, Plaintiff asks this Court for an extension of time to file an appeal of the Court's prior orders (ECF Nos. 199, 209, 213, and 223) denying Plaintiff's motions to file supplemental pleadings. The Court interprets Plaintiff's request as a motion to certify an interlocutory appeal of these orders.

A Court may certify an order for interlocutory appeal when it involves (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from which may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).  The moving party has the burden of establishing all three substantive criteria. *See Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005); *see also German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) ("[T]he test for certifying an issue is a three part test. Each prong must be satisfied.").  Even when the statutory conditions are met, "[d]istrict court judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008); *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the court's authority to deny certification, even in situations where the three statutory elements are met, is "independent" and "unreviewable") (internal citation omitted).

Moreover, interlocutory appeals are strongly disfavored in federal practice. *In re Facebook, Inc.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010).  Litigants cannot invoke the appellate process "as a vehicle to provide early review of difficult rulings in hard cases." *In re Levine*, No. 94-CV-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (internal citations omitted).  For these reasons, § 1292(b) certification should be "rare," and reserved for "exceptional circumstances." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *In re Ambac*, 693 F. Supp. 2d at 282; *see also Lidle v. Cirrus Design Corp.*, No. 08-CV-1253 (BSJ) (HBP), 2010 WL 4345733, at *1 (S.D.N.Y. Oct. 29, 2010) ("[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law. . . . Only exceptional circumstances will justify a

departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

Here, Plaintiff does not demonstrate how his motion to certify meets the above-stated elements. A question of law is only "controlling" if (a) "reversal of the district court's opinion could result in dismissal of the action," (b) "reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action," or (c) "the certified issue has precedential value for a large number of cases." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000). In the instant case, reversal of the Court's orders denying Plaintiff's motion to supplement would not terminate the case. Nor does Plaintiff demonstrate how granting his motion would "significantly affect the conduct of the action." Moreover, the standards governing Rule 15 are well-settled and straightforward, *see, e.g., Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (observing that a district court has discretion to grant a party leave to file a supplemental pleading "when the supplemental facts connect it to the original pleading," and adding that a court may deny such leave if the proposed amendment is the product of "undue delay, bad faith, [or] dilatory tactics" or would result in "undue prejudice to the party to be served with the proposed pleading"), making it unlikely that Plaintiff's motion to supplement will elicit a decision of broad precedential value. Lastly, far from simplifying the present litigation, granting the immediate appeal will have the opposite effect: prolonging the pleadings stage of a case that commenced in 2018, even though several of Plaintiff's claims were already cleared to advance past the pleadings stage nearly two years ago. (*See* ECF No. 110 at 42.) In light of strong federal policy against premature appellate review, the Court denies Plaintiff's motion.

### III.     Motion for Extension of Time to Oppose Defendants' Motion to Dismiss

8

Plaintiff also requests an extension of time to oppose Defendants' motions to dismiss. (ECF No. 241.)  Although this Court has already granted Defendant multiple extensions (*see* ECF Nos. 207 & 223), the Court grants Plaintiff's motion for an extension of time.  The briefing schedule is extended as follows:

Plaintiff's opposition papers are to be served (not filed) on October 23, 2023; and (2) Defendants' reply papers are to be served on November 13, 2023.  All remaining motion papers are to be filed by Defendants (including *pro se* Plaintiff's papers) on the reply date, November 13, 2023. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served.

This is the FINAL extension of time for Plaintiff to serve opposition papers.  The Court will entertain no further extension requests.  Should Plaintiff fail to timely serve opposition papers or otherwise fail to show good cause for his failure to do so, the Court will deem briefing on Defendants' motions to be fully submitted.

## CONCLUSION

The Court DENIES Plaintiff's motions for reconsideration and to certify an interlocutory appeal.  This Court considers the Second Amended Complaint (ECF No. 122) to be the operative complaint.

The Court GRANTS Plaintiff's motion for an extension of time to oppose Defendants' motions to dismiss.  The briefing schedule is extended as follows: Plaintiff's opposition papers are to be served (not filed) on October 23, 2023; and (2) Defendants' reply papers are to be served on November 13, 2023.  All remaining motion papers are to be filed by Defendants (including *pro se*

Plaintiff's papers) on the reply date, November 13, 2023. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 238 and 240.  The Clerk of Court is further directed to mail a copy of this Order and ECF No. 142 to *pro se* Plaintiff at Plaintiff's address listed on ECF and to show service on the docket.[2]

SO ORDERED.

Dated: September 6, 2023
White Plains, New York

                                        NELSON S. ROMÁN
                                        United States District Judge

---

[2] Plaintiff requested the Court mail a copy of his Supplemental Complaint filed at ECF No. 142.  (*See, e.g.,* ECF No. 238.)