USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   10/19/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

                      Plaintiff,

   -against-

ANTHONY J. ANNUCCI, *et al.*,

                      Defendants.

No. 18 Civ. 11111 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

       Plaintiff Willie Bright ("Plaintiff") commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with his incarceration at Green Haven Correctional Facility (the "Second Amended Complaint"). (*See* ECF No. 122.) Presently before the Court are Plaintiff's letters and motions, dated September 19, 2023, September 25, 2023, and October 11, 2023, respectively, in which Plaintiff makes numerous requests. (*See* ECF Nos. 243–246.) Among these requests, Plaintiff asks the Court to (1) appoint pro bono counsel; (2) extend the briefing schedule for Defendants' motions to dismiss; (3) enjoin prison officials from stealing Plaintiff's legal documents; and (4) reconsider the Court's prior decisions denying (a) Plaintiff's motion to file a Supplemental Complaint and (b) Plaintiff's motion to certify an interlocutory appeal.[1]

       At the outset, the Court DENIES Plaintiff's motion to reconsider the Court's prior decisions denying (a) Plaintiff's motion to file a Supplemental Complaint and (b) Plaintiff's motion to certify an interlocutory appeal. As stated previously, "Although the Court is sympathetic to Plaintiff's allegations of retaliation, these allegations are not related to the underlying

---

[1] Among Plaintiff's requests appears to be a request for the Court to aid Plaintiff in pursuing habeas claims related to a prior state criminal conviction. The Court has no jurisdiction over Plaintiff's prior state criminal conviction or any habeas petition related thereto, and as such, the Court has no authority to assist Plaintiff in this regard.

misconduct in the Second Amended Complaint but rather Plaintiff's filing of the present action." (ECF No. 242.)  Plaintiff has not identified any reasons warranting departure from the Court's prior decisions.  (*See* ECF Nos. 199, 209, 213, 223, and 242.)

The Court also DENIES Plaintiff's motion for the appointment of pro bono counsel.  This Court granted Plaintiff's prior motion for the appointment of pro bono counsel (ECF No. 116), and pursuant to that order, an attorney entered an appearance on behalf of Plaintiff (ECF No. 147). That attorney, however, asked to withdraw his representation of Plaintiff.  Upon a review of the sealed document at ECF No. 173, the Court granted the attorney's request.  (ECF No. 174.)  For the same reasons underlying the Court's decision to grant the attorney's withdrawal request, the Court is hesitant to grant Plaintiff's renewed motion.  More importantly, however, Plaintiff's motion is made under different circumstances than the motion previously granted.  Whereas Plaintiff's prior motion was granted in part because Plaintiff's claims "survived the Motions to Dismiss stage" and were ready to advance to discovery (ECF No. 116), Plaintiff's claims now rest at the pleadings stage because of a years-long, protracted dispute over Plaintiff's motion to file supplemental pleadings.  The Court thus deems Plaintiff's motion premature; Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice to renew at such time discovery commences (*i.e.,* upon resolution of Defendants' motions to dismiss).[2]

Plaintiff also seeks to enjoin prison officials from stealing Plaintiff's legal documents. Plaintiff has made similar allegations of ongoing harassment on several occasions (*see, e.g.,* ECF

---

[2] At such time discovery commences, several factors support appointment of pro bono counsel: "Plaintiff's ability to investigate his claims are likely limited due to his incarceration and potential difficulties surrounding Covid-19 protocols.  Additionally, Plaintiff has filed a letter containing allegations of continued harassment, trouble with receiving legal documents in their entirety, and placement in the Mental Health Crisis Unit that has prevented him from having access to legal materials and resources.  Plaintiff also expressed having difficulty understanding the Court's Orders and what standards are necessary to make out his case.  Thus, in this case, representation would 'lead to a quicker and more just result by sharpening the issues and shaping examination.'"  (ECF No. 116 at 4) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

No. 37); indeed, they are the basis for Plaintiff's numerous attempts to supplement his pleadings. Although the Court denies Plaintiff's motion to file supplemental pleadings, *see supra*, the Court nonetheless directs the New York Attorney General ("NYAG") to file a letter no later than November 1, 2023 responding to Plaintiff's allegations of ongoing harassment, including Plaintiff's allegation that prison officials are stealing Plaintiff's legal documents. Moreover, to ensure Plaintiff is in possession of legal documents necessary to oppose Defendants' motions to dismiss, NYAG is further directed to produce a copy of its case file, consisting of copies of Court orders and Plaintiff's filings. That file shall include the following documents: ECF Nos. 2, 36, 38, 41, 57, 110, 116, 122, 142, 183, 209, 231–37, and 242. NYAG is directed to serve a copy of this file upon Plaintiff no later than October 25, 2023 and file proof of service on the docket.

In view of the foregoing, the Court extends the briefing schedule as follows: (1) Plaintiff's opposition papers are to be served (not filed) on December 7, 2023; and (2) Defendants' reply papers are to be served on December 22, 2023. All motion papers, including those already filed, are to be filed by Defendants (including *pro se* Plaintiff's papers) on the reply date, December 22, 2023. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served.

This Court stated in its previous order that it would "entertain no further extension requests." (ECF No. 242.) The Court is creating an exception to its prior order by extending the briefing schedule here. It will not do so again. That is especially true here, where the proceedings have remained in the pleadings stage for five years. This is the **FINAL** extension of time for Plaintiff to serve opposition papers.

**CONCLUSION**

The Court DENIES Plaintiff's motion for reconsideration. This Court considers the Second Amended Complaint (ECF No. 122) to be the operative complaint.

The Court DENIES Plaintiff's motion for appointment of pro bono counsel without prejudice to renew upon resolution of Defendants' motions to dismiss.

The Court DENIES Plaintiff's motion for an injunction against prison officials at Auburn Correctional Facility. The Court, however, directs NYAG to file a letter no later than November 1, 2023 responding to Plaintiff's allegations of ongoing harassment, including Plaintiff's allegation that prison officials are stealing Plaintiff's legal documents. The Court further directs NYAG to produce a copy of its case file, consisting of copies of Court orders and Plaintiff's filings. That file shall include the following documents: ECF Nos. 2, 36, 38, 41, 57, 110, 116, 122, 142, 183, 209, 231–37, and 242. NYAG is directed to serve a copy of this file upon Plaintiff no later than October 25, 2023 and file proof of service on the docket.

The Court GRANTS Plaintiff's motion for an extension of time to oppose Defendants' motions to dismiss. The briefing schedule is extended as follows: (1) Plaintiff's opposition papers are to be served (not filed) on December 7, 2023; and (2) Defendants' reply papers are to be served on December 22, 2023. All motion papers, including those already filed, are to be filed by Defendants (including *pro se* Plaintiff's papers) on the reply date, December 22, 2023. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served. This is the **FINAL** extension of time for Plaintiff to serve opposition papers.

4

Defendants are directed to serve a copy of this Order upon Plaintiff no later than October 23, 2023 and file proof of service on the docket.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 231, 235, 244, and 245.

SO ORDERED.

Dated: October 19, 2023
White Plains, New York

                                                                             _____
                                                                                       NELSON S. ROMÁN
                                                                                  United States District Judge