```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE BRIGHT,

                        Plaintiff,

   -against-

ANTHONY J. ANNUCCI, *et al.*,

                      Defendants.

No. 18 Civ. 11111 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Willie Bright ("Plaintiff") commenced this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with his incarceration at Green Haven Correctional Facility. (*See* ECF No. 122, "Second Amended Complaint".) Presently before the Court are Plaintiff's letters and motions, dated October 27, 2023, November 1, 2023, November 27, 2023, December 14, 2023, December 27, 2023, January 31, 2024, February 22, 2024, March 8, 2024, and March 13, 2024, respectively, in which Plaintiff makes numerous requests. (*See* ECF Nos. 251-54, 263, 268-69, 271, and 272.) Among these requests, Plaintiff asks the Court to (1) appoint pro bono counsel; (2) stay the present action; and (3) grant him injunctive relief.[1]

      First, the Court DENIES Plaintiff's motion for the appointment of pro bono counsel. This Court granted Plaintiff's prior motion for the appointment of pro bono counsel (ECF No. 116), and pursuant to that order, an attorney entered an appearance on behalf of Plaintiff (ECF No. 147). That attorney, however, asked to withdraw his representation of Plaintiff. Upon a review of the sealed document at ECF No. 173, the Court granted the attorney's request. (ECF No. 174.) For the

---

[1] Plaintiff's filings also allege new claims unrelated to any of those in his Second Amended Complaint and seek a writ of habeas corpus relating to his criminal conviction. The Court has no jurisdiction over Plaintiff's prior state criminal conviction or any habeas petition related thereto, and as such, the Court has no authority to assist Plaintiff in this regard.

same reasons underlying the Court's decision to grant the attorney's withdrawal request, the Court is hesitant to grant Plaintiff's renewed motion. The Court further deems Plaintiff's motion premature. Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice to renew at such time discovery commences (*i.e.,* upon resolution of Defendants' motions to dismiss the Second Amended Complaint).[2]

Second, the Court DENIES Plaintiff's motion for a stay of this action. There is no basis for a stay in this matter, where the proceedings have remained in the pleadings stage for six years, and involve allegations from 2015-2016. Moreover, the Defendants' motions to dismiss Plaintiff's Second Amended Complaint are fully briefed and the matter is now sub judice.

Finally, the Court DENIES Plaintiff's motion for injunctive relief to enjoin prison officials from interfering with Plaintiff's access to the prison law library and legal documents. Although the Court denies Plaintiff's request for injunctive relief, the Court nonetheless directs the New York Attorney General ("NYAG") to file a letter no later than May 8, 2024 responding to Plaintiff's allegations of ongoing harassment, including Plaintiff's allegation that prison officials are interfering with his ability to represent himself.

## CONCLUSION

The Court DENIES Plaintiff's motion for appointment of pro bono counsel without prejudice to renew upon resolution of Defendants' motions to dismiss.

The Court DENIES Plaintiff's motion for a stay of this action.

---

[2] At such time discovery commences, several factors support appointment of pro bono counsel: "Plaintiff's ability to investigate his claims are likely limited due to his incarceration and potential difficulties surrounding Covid-19 protocols. Additionally, Plaintiff has filed a letter containing allegations of continued harassment, trouble with receiving legal documents in their entirety, and placement in the Mental Health Crisis Unit that has prevented him from having access to legal materials and resources. Plaintiff also expressed having difficulty understanding the Court's Orders and what standards are necessary to make out his case. Thus, in this case, representation would 'lead to a quicker and more just result by sharpening the issues and shaping examination.'" (ECF No. 116 at 4) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

Finally, the Court DENIES Plaintiff's motion for injunctive relief to enjoin prison officials from interfering with Plaintiff's access to the prison law library and legal documents. The Court, however, directs NYAG to file a letter no later than May 8, 2024 responding to Plaintiff's allegations of ongoing harassment, including Plaintiff's allegation that prison officials are interfering with his ability to represent himself.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 253, 254, 268, 269, 271, and 272. The Clerk of Court is also respectfully directed to mail a copy of this Order to *pro se* Plaintiff and show service on the docket.

SO ORDERED.

Dated: April 26, 2024
White Plains, New York

                                                    NELSON S. ROMÁN
                                                    United States District Judge