UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Willie Bright,

                                  Plaintiff,

                      -against-

Anthony J. Annucci, et al.,

                                Defendants.
------------------------------------------------------------------X

18-cv-11111-NSR-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Plaintiff moves for appointment of counsel to represent him in this action. (ECF No. 292). For the reasons below, the Court **DENIES** Plaintiff's motion without prejudice for renewal if the case proceeds past summary judgment.

## BACKGROUND

Plaintiff commenced this 42 U.S.C. § 1983 action against Defendants in November 2018. (ECF No. 2). Shortly thereafter, Plaintiff moved for appointment of counsel to represent him, (ECF No. 3), which he reiterated through a second motion in March 2019. (ECF No. 30). By opinion and order dated March 18, 2019, Judge Román denied the motions as premature, because all of the necessary parties were not yet identified and the pleadings stage of the action was not complete. (ECF No. 36). In March 2020, Plaintiff again moved for appointment of counsel, (ECF No. 83), which was denied for the same reasons as his prior motion for appointment. (ECF No. 89).

1

In October 2021, after Plaintiff's amended complaint survived dismissal,[1] he moved for a third time seeking appointment of counsel. (ECF No. 114). In his motion, Plaintiff stated that he needed counsel because he was unable to maintain possession of documents while incarcerated, he could not access the law library at his correctional facility, and he didn't know how to proceed in the litigation. (*Id.* at 1–3). By opinion and order dated October 28, 2021, Judge Román granted the motion after concluding that Plaintiff's remaining claims were "likely to be of substance," (ECF No. 116 at 3, quoting *Hodge v. Police Officers*, 802 F.2d 58, 62 (2d Cir. 1986)), and that all the factors identified in *Hodge* weighed in favor of appointing counsel. (ECF No. 116 at 4).

After Plaintiff amended his complaint for a second time, (ECF No. 122), an attorney filed a notice of appearance on his behalf in September 2022. (ECF No. 159). But just one week after his first appearance, Plaintiff's counsel moved to withdraw his representation because Plaintiff "wishe[d] to proceed outside of the legal advice rendered by counsel," noting that under Rule 1.16, an attorney may withdraw when "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." (*Id.*). The Court issued an order to show cause against Plaintiff's counsel, which directed

---

[1] Plaintiff moved to amend his complaint in April 2019, (ECF No. 39), which the Court granted. (ECF No. 41). Defendant Anthony Ruvo ("Ruvo") and the remaining Defendants ("the DOCCS Defendants") subsequently moved separately to dismiss the amended complaint, (ECF Nos. 104, 107). By opinion and order dated September 28, 2021, Ruvo's motion was denied and the DOCCS Defendants' motion was partially granted, leaving several of Plaintiff's claims alive. (ECF No. 110). The Court also granted Plaintiff leave to file a second amended complaint. (*Id.*).

him to demonstrate why he should be permitted to withdraw and allowed him to submit any supporting documents to the Court under seal. (ECF No. 170). Shortly thereafter, the motion was granted. (ECF No. 174).

Ruvo and the DOCCS Defendants then moved to dismiss Plaintiff's second amended complaint. (ECF Nos. 255, 258). While those motions were pending, Plaintiff filed a series of letters and motions between October 2023 and March 2024 requesting appointment of counsel because of his inability to conduct legal research and oppose the motions to dismiss while incarcerated. (ECF Nos. 251–54, 268–69, 271–72). By order dated April 26, 2024 ("the April 2024 order"), all of Plaintiff's applications were denied as premature based on the pending motions to dismiss. (ECF No. 274). The Court also noted that it was "hesitant" to appoint Plaintiff new counsel "[f]or the same reasons" it decided to grant the request of Plaintiff's prior counsel to withdraw his representation and highlighted that it granted that request after reviewing a sealed document submitted by the attorney. (*Id.* at 1–2).[2]

In June 2024, with Defendants' motions still pending, Plaintiff again moved for appointment of counsel, reiterating his arguments that counsel was necessary because he was unable to conduct legal research and oppose the motions to dismiss while incarcerated. (ECF No. 277). By opinion and order dated June 13, 2024, Ruvo's motion to dismiss was denied and the DOCCS

---

[2] But the Court also noted in a footnote that several *Hodge* factors supported appointment when discovery commenced. (ECF No. 274 at 2 n.2),

Defendants' motion to dismiss was partially granted, leaving several of Plaintiff's claims alive. (ECF No. 276). But Plaintiff's motion for appointment of counsel was denied "for the reasons" provided in the April 2024 order. (*Id.* at 23). Defendants joined issue by their separate answers dated July 19, 2024, (ECF Nos. 281–82), and the parties commenced discovery. Plaintiff now moves for appointment of counsel to represent him in this action, noting that he is currently in protective custody at his correctional facility, which limits his ability to possess documents, access the law library, and engage in discovery with Defendants. (ECF No. 292).

## DISCUSSION

Under 28 U.S.C. § 1915, a court may request that an attorney serve as pro bono counsel for a self-represented litigant in a civil action. *See* 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel, "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61. As an initial, threshold matter, "the court should first determine whether the movant's position 'seems likely to be of substance.'" *Alvarez v. Wright*, 797 F. App'x 576, 578 (2d Cir. 2019) (quoting *Hodge*, 802 F.2d at 61); *see also Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 69 (2d Cir. 2011). Once that threshold is met, the court considers several factors, which include: "(1) the nature of the factual issues involved; (2) the importance of credibility determinations; (3) the plaintiff's apparent ability to present the case; and (4) the complexity of the legal issues involved." *Kearney v. Fischer*, 609 F. App'x 673, 676 (2d Cir. 2015); *see Dolan v. Connolly*,

794 F.3d 290, 296-297 (2d Cir. 2015). But ultimately the decision to appoint counsel lies within the "broad discretion" of the court making that determination. *Hodge*, 802 F.2d at 60.

Although Plaintiff's remaining claims are likely to be of substance, and several *Hodge* factors weigh in favor of appointing counsel, the history of this case still demonstrates that appointment is unwarranted. Within one week of an attorney appearing on behalf of Plaintiff, that attorney sought to be relieved as counsel because Plaintiff was disinterested in his legal advice and there was a fundamental disagreement between the two about what actions to take in this matter. In granting the attorney's request to withdraw, the Court highlighted its review of a sealed document at ECF No. 173. A review of that sealed document corroborated the public statements made by Plaintiff's prior counsel about Plaintiff's desire to proceed outside of the legal advice of his attorney.

Just as Judge Román was "hesitant" to grant Plaintiff's prior requests for appointment of pro bono counsel, (ECF No. 274 at 2), the undersigned remains similarly hesitant to grant Plaintiff's latest request, despite the action's recent change in procedural posture. There is no basis to believe that the attorney-client relationship between Plaintiff and a new attorney would lead to an outcome different than that of his prior counsel. And Plaintiff's reasons for needing counsel now are no different from those that Judge Román considered when denying Plaintiff's most recent request for counsel. (ECF No. 276).

But Plaintiff is not without options; there is a Pro Se Law Clinic available to assist self-represented parties in civil cases, which may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center (CBJC); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the CBJC's intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).[3]

Plaintiff also mentioned at a recent status conference that he had a contact at the New York Legal Assistance Group ("NYLAG"), which is transitioning its clients to the CBJC as of October 1, 2024. If Plaintiff is unable

---

[3] This Pro Se Law Clinic option may be inapplicable here because of Plaintiff's incarceration. The intake form must be completed electronically, and it is unclear whether Plaintiff has Internet access at his facility. But the form is available at: https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

Similarly, Plaintiff's ability to pursue in-person appointments may also be inapplicable here. But in-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10 a.m. to 4 p.m. Appointments are also available remotely Monday through Friday, 10 a.m. to 4 p.m.

to connect with his contact at NYLAG, he may contact CBJC directly to receive assistance.[4]

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for appointment of counsel, without prejudice for renewal if this case proceeds past summary judgment.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 292. The Clerk of Court is also respectfully directed to mail a copy of this order to *pro se* Plaintiff and show service on the docket.

**SO ORDERED.**

DATED:   White Plains, New York
         10/16/2024

_____
VICTORIA REZNIK
United States Magistrate Judge

---

[4] CBJC has a general legal hotline (212-626-7383) and a specialized Federal Pro Se Legal Assistance Project created to "provide free, limited-scope legal services to pro se litigants" with cases in the U.S. District Courts for the Southern and Eastern Districts of New York, which may be reached at (212)-382-4794. *See Federal Pro Se Legal Assistance Project*, CITY BAR JUST. CTR., https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ (last visited Sept. 26, 2024).