```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/5/2024
```

## MEMORANDUM ENDORSEMENT

Bright v. Irman Russo, Annucci et al

7:18-cv-11111-NSR-VR

The Court is in receipt of *pro se* Plaintiff's letter motion filed June 7, 2024. (ECF No. 277) (attached hereto). In the letter, *pro se* Plaintiff appears to renew his requests for an assignment of *pro bono* counsel and injunctive relief to enjoin prison officials who he alleges are interfering with his access to the prison law library and legal documents. For the reasons that follow, *pro se* Plaintiff's motion for *pro bono* counsel is denied without prejudice to renew if this case proceeds past summary judgment. His request for injunctive relief is also denied.

As to the request for counsel, *pro se* Plaintiff has made several motions for *pro bono* counsel, which have been denied without prejudice to renew, since terminating his pro bono counsel on September 28, 2022. Most recently, Magistrate Judge Victoria Reznik denied a motion for *pro bono* counsel via memo endorsement on November 7, 2024. (ECF No. 298.) In the endorsement, Magistrate Judge Reznik references *pro se* Plaintiff's prior request for *pro bono* counsel on September 23, 2024 which Magistrate Judge Reznik denied by Order on October 16, 2024. (ECF No. 293.) In said Order, Magistrate Judge Reznik notes that Plaintiff was previously represented by *pro bono* counsel and,

> "[w]ithin one week of an attorney appearing on behalf of Plaintiff, that attorney sought to be relieved as counsel because Plaintiff was disinterested in his legal advice and there was a fundamental disagreement between the two about what actions to take in this matter. In granting the attorney's request to withdraw, the Court highlighted its review of a sealed document at ECF No. 173. A review of that sealed document corroborated the public statements made by Plaintiff's prior counsel about Plaintiff's desire to proceed outside of the legal advice of his attorney." (*Id.*, p. 5.)

As Magistrate Judge Reznik stated then, the Court still has no basis to believe that the attorney-client relationship between Plaintiff and a new attorney would lead to an outcome different than that of his prior counsel. Moreover, in the October 16th order, after deciding the issue regarding appointment of counsel, Magistrate Judge Reznik advised Plaintiff of alternative resources available to him at the City Bar Justice Center ("CBJC") that may help him obtain legal advice. This advice was reiterated on the November 7, 2024 memo endorsement. (ECF No. 298.) Plaintiff's request for *pro bono* counsel is DENIED for the reasons stated in the October 16th Order without prejudice for renewal if this case proceeds past summary judgment. The Court reemphasizes Magistrate Judge Reznik's suggestion that Plaintiff contact CBJC's general legal hotline (212) 626-7383 or its specialized Federal Pro Se Legal Assistance Project at (212) 382-4794 for legal assistance.

In the June 7, 2024 letter motion, *pro se* Plaintiff also requests injunctive relief to enjoin prison officials who he alleges are interfering with his access to the prison law library and legal documents. This request is similar to the letter motion that *pro se* Plaintiff filed on April 25, 2024. (*See* ECF No. 273.) In the corresponding April 26, 2024 Order, the Court denied Plaintiff's motion

for injunctive relief but nonetheless directed the New York Attorney General ("NYAG") to file a letter no later than May 8, 2024 responding to Plaintiff's allegations that prison officials are interfering with his ability to represent himself. (ECF No. 274.) On May 3, 2024, AG Suzanna Mettham complied with this request and filed a responsive letter on the docket addressing Plaintiff's allegations of ongoing harassment. (ECF No. 275.) *Pro se* Plaintiff letter motion filed June 7, 2024 was filed in response to AG Metthem's letter. In her letter, AG Mettham provided photographs of *pro se* Plaintiff's cell depicting piles of dozens of manilla envelopes with what appears to be legal paperwork inside. (ECF No. 275, Ex. A.) AG Mettham adds that, "while cell searches have been completed, no legal items have been removed from Plaintiff's cell. Without going through the piles of legal work in his cell, DOCCS is unable to determine what cases or files he has in his possession." (ECF No. 275, p. 2.)

With regard to *pro se* Plaintiff's claims regarding access to the Law Library tablets, in her letter AG Metthem also writes that *pro se* "[p]laintiff had been granted Special Access to the Law Library tablet daily when he has provided documentation that supports this need." (*Id.* p. 3.) Further, she notes that DOCCS records indicate that *pro se* Plaintiff was not able to use the tablet for one week after he destroyed a Law Library tablet. (*Id.*) Based on the supplemental materials filed by the AG, the Court does not find indicia that prison officials have been interfering with *pro se* Plaintiff's access to the prison law library and legal documents and denies injunctive relief.

For the foregoing reasons, the Court DENIES *pro se* Plaintiff's request for relief sought in the letter motion filed June 7, 2024. Specifically, *pro se* Plaintiff's motion for *pro bono* counsel is DENIED without prejudice for renewal if this case proceeds past summary judgment and his request to enjoin prison officials is also DENIED. The Clerk of Court is kindly directed to terminate the motion at ECF No. 277 and mail a copy of this Memo Endorsement to the *pro se* Plaintiff at the address listed on ECF and show service on the docket.

SO ORDERED.

Dated: December 5, 2024
       White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT
Southern District of New York

RECEIVED JUN 07 2024 U.S.D.C. W.P.

Willie Bright
vs.
Amucci et al,

18 cv-11111 (NSR)
Motion For Injunctive Relief
And Counsel

DEAR JUDGE ROMAN

Every Word That Comes Out Of AG Suzanna Mettham Mouth Is Only Lies, She Is Now Alleging I Destroyed A Law Library Tablet? OKAY Have Her Get The Misbehavior From Docc Offices Substantiating This Story? And They Only Stop Me From Useing It For One Week For This Alleged Incident? Does That Even Sound Realistic? We Need Not Go Back And Forth When We Have (Audio Evidence) And (video) A State Employee (S. Conners) Came To MY cell And Said Remove The (Legal Work) From Your Cell Door I Can Be Heard Telling Her There Was No Legal Work On MY Cell Door A Sgt. Was Called And I Can Be Heard Asking Him Did He See Legal Work In MY Door He States No (But We Need To Check Your Legal work) Im Then Removed From MY cell And Staff Then Can Be Seen Removing (All) Manilla envelopes From MY cell, So Why Would Ms Mettham Tell This Court A Complete Lie About No Legal Work Was Removed From MY cell When There Is video And Audio Evidence Substantiating It Has Happened, Now I challenge Her To Have You Sent The Audio And video Of Both Of (S. Conners) Cell Search Then we will See Who Is A Liar And who's Not Officials Don't Need Our Consent To Go Through Paper Work Obviously Not Even Our Legal Work Again This

SGT OPENLY STATES WE NEED TO CHECK YOUR (LEGAL WORK) THIS IS WHY S. COMERS FABRECATED A REPORT ABOUT (LEGAL WORK) BEING IN MY CELL WINDOW TO BEGAIN WITH BECAUSE IT HAD ALREADY BE PLANED THEY WHERE COMING TO GET MY (LEGAL WORK) AND AFTER REMOVING MY CIVIL CASES AND DIVORCE CASE WHEN THE CASES I HAVE GOT FROM LAW LIBRARY OVER THE YEARS REGARDING MY CRIMINAL CASE AS SHOWN IN THESE PHOTOS WHERE RETURN TO ME, LETS GET THAT VIDEO AND AUDIO BECAUSE IM HEARD TELLING THE OFFICER MY CIVIL CASE AND DIVORCE CASE IS NOT HEAR AND HE SEEN GOING BACK AGAIN AND AGAIN TO LOOK FOR THEM NEVER FINDING THEM SO I HAVE MORE THEN WORDS TO PROVE WHATS GOING ON TO ME IN UPSTATE DSP COOK CAN ONLY ASK THE OFFICER TO GIVE ME THE TABLET THEY DON'T HAVE TO DO IT 6/1/24 AT 2 PM I CAN BE HEARD ASKING THE COMPANY OFFICER FOR LAW LIBRARY TABLET AND BEING TOLD NO IM ON LOSS OF TABLET GET THE AUDIO AND PROVE ME WRONG, THIS CASE IS GOING NO WHERE WITHOUT INJUNCTIVE RELIEF OR ASSIGNMENT OF COUNSEL AND IM BEING HINDER FROM RESEARCH TO OPPOSE THE PEOPLE MOTION IT WILL ALL BE HEAR FOR MY APPEAL SO I DON'T CARE WHAT HAPPENS I NEED MY MENTAL HEALTH MEDICATION WHICH I NOT BEING GIVEN AND THEY ARE THINKING ABOUT PUTTING ME BACK IN THE MENTAL HOSPITAL BECAUSE I STOP EATING FOR 25 DAYS THAT WHATS GOING ON WITH ME

FORM 2171 B (11/21)  NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
Side 2

_____Upstate_____ **Correctional Facility**

## INCARCERATED INDIVIDUAL MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL INDIVIDUO ENCARCELADO

| 1. NAME OF INCARCERATED INDIVIDUAL (Last, First) ♦ NOMBRE DEL INDIVIDUO ENCARCELADO (Apellido, Nombre) | DIN | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Bright | 11A4931 | 11B-26B |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| 11 B 30 | 12/30/23 | 19:30pm |

**3. RULE VIOLATION(S) ♦ VIOLACIÓN (ES)**

106.10 Direct order    109.12 movement violation
118.23 obstruct visibility
115.11 Search frisk procedure

**4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE**

On the above date and approximate time CO S. [illegible]
was conducting security rounds in 11 B [illegible]
[illegible] the [illegible] cell of I/M Bright 11A4931
[illegible] [illegible] observed [illegible] obstructing any
[illegible] into the cell. I gave Bright several
direct orders to remove the [illegible] from the [illegible]
[illegible] [illegible] then to [illegible] [illegible]. The area
[illegible] was [illegible] and authorized for a cell frisk
[illegible] [illegible] the cell I noticed Bright [illegible] [illegible] [illegible]
[illegible] to come [illegible] to be [illegible] [illegible] my direct orders.
Area supervisor was notified and reported to the
[illegible] [illegible] I/M was transferred [illegible] for [illegible].

| REPORT DATE ♦ FECHA | REPORTED BY ♦ REPORTADO POR | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 12/31/23 | S. [illegible] | [signature] | CO |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)   SIGNATURES:
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)   FIRMAS: 1. _____

2. _____    3. _____

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INCARCERATED INDIVIDUAL _12-31-23_ _765pm_ NAME AND TITLE OF SERVER _CO Bach_
FECHA Y HORA DADO AL INDIVIDUO ENCARCELADO_____ NOMBRE Y TÍTULO DEL QUE ENTREGA_____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The incarcerated individual shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al individuo encarcelado llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución ni las metas del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or their designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office CANARY - Incarcerated Individual (After review) ♦ Distribución: BLANCA - Oficina Disciplinaria AMARILLA – Individuo Encarcelado (después de la revisión)



UPSTATE CORRECTIONAL FACILITY
P.O. BOX 2001
MALONE, NEW YORK 12953
NAME: Nellie Bright   DIN: 91-A-7031

RECEIVED
JUN 07 2024
U.S.D.C.
W.P.

Court Clerk
United States District Court
Southern District of New York
300 Quarropas Street
White Plains NY 10601