USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Willie Bright,

                                Plaintiff,                        18-cv-11111-NSR-VR

            -against-                                     **ORDER**

Anthony J, Annucci, et al.,

                                Defendants.
------------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

At a status conference on March 19, 2025, the Court addressed a variety of outstanding discovery items and set deadlines for the parties to provide updates to the Court. This Order memorializes the outcome of that conference, including the deadlines previously set by the Court, for the parties' reference:

1. **Plaintiff's deposition** – Defendants are directed to meet and confer regarding agreeable dates to conduct Plaintiff's deposition, and to contact Plaintiff's facility to determine whether the current labor strike will impact their ability to take the deposition. As stated during the conference, Defendants are directed to submit a letter, by no later than 4/4/2025, updating the Court on the date selected for Plaintiff's deposition.

2. **Plaintiff's witness list** – Defendants are directed to review their files to confirm whether they already have Plaintiff's witness list, based on his assertion at the March 19th conference that he previously sent it to them.

1

In their 4/4/2025 letter, Defendants are directed to confirm whether they are in possession of Plaintiff's witness list.

3. **DOCCS Defendants' Responses to Plaintiff's Interrogatories at ECF No. 317** – At the March 19th conference, the DOCCS Defendants stated that they had responded to almost all of Plaintiff's interrogatories contained in ECF No. 317. The only thing that had not been sent was the responses for one of the individual DOCCS employees. Counsel for the DOCCS Defendants stated that she hoped to mail that final response soon. In their 4/4/2025 letter, the DOCCS Defendants are directed to confirm whether that final response was mailed to Plaintiff.

4. **DOCCS Logbooks** – There was some confusion at the March 19th conference regarding the logbooks Plaintiff sought in discovery. The DOCCS Defendants believed he was seeking OMH logbooks, which could not be produced until Plaintiff signed a form authorizing the release of that information. But Plaintiff clarified that he wanted logbooks from DOCCS, not OMH, specifically a suicide watch logbook from December 2015. As stated during the conference, the DOCCS Defendants are directed to investigate whether that logbook exists and, if it does, to produce it to Plaintiff immediately. If it does not exist, they must provide an affidavit to Plaintiff, by no later than 4/3/2025, which should include, but is not limited to, information about whether any such logbook ever

existed and if so, why it no longer exists, and any applicable DOCCS policies regarding retention/deletion.

5. **CD-ROM Issue** – The DOCCS Defendants informed the Court that they were working with their IT department to remedy the issues Plaintiff experienced attempting to view the contents of a CD-ROM produced during discovery. In their 4/4/2025 letter, they are directed to provide an update on whether the CD-ROM issue is resolved or how soon they expect to resolve it. At the March 19th conference, Plaintiff raised a dispute regarding video evidence of the alleged September 2015 assault. The DOCCS Defendants stated that no such video existed. The Court directed the DOCCS Defendants to confirm whether any video existed. If it exists, they must produce it to Plaintiff immediately. If it does not exist, they must provide an affidavit to Plaintiff, by no later than 4/3/2025, which should include, but is not limited to, information about whether any such video ever existed and if so, why it no longer exists, and any applicable DOCCS policies regarding retention/deletion.

6. **Alleged Incorrectly Named Defendants** – At the March 19th conference, Plaintiff seemed to allege that Defendant Bucolo was incorrectly identified by the DOCCS Defendants in response to a Valentin order issued by Judge Román in January 2020 (ECF Nos. 70, 80). He also seemed to allege that nonparty Assinaro should have been named as a defendant instead of Bucolo. Plaintiff is directed to submit a letter to the

3

Court, by no later than 4/30/2025,[1] confirming whether he believes Bucolo should be replaced with Assinaro and providing a brief explanation for why that should occur.

7. **<u>John Doe Strip Search Officers</u>** – At the March 19th conference, Plaintiff seemed to allege that he knew the identities of some of the unnamed John Doe Strip Search Officers. He seemed to allege that a "Collins" and "Reyes" were two of the five individuals that make up the John Doe Strip Search Officers. As stated during the conference, Plaintiff is directed to include in his 4/30/2025 letter a confirmation of whether he believes these two individuals are two of the John Doe Strip Search Officers and whether he knows the identities of any others, based on the Defendants' discovery responses.

8. **<u>Plaintiff's Ability to View Documents at His Facility</u>** – At the March 19th conference, Plaintiff stated that he was informed by his facility that he was only able to view documents in the Law Library, but that it was closed due to a labor strike. The DOCCS Defendants confirmed that only 32 documents produced to Plaintiff required supervision to review, the other roughly 1,000 documents produced by the DOCCS Defendants could be viewed by Plaintiff in his cell without supervision. The DOCCS Defendants are directed to contact Plaintiff's facility to confirm whether

---

[1] At the conference, the Court directed this letter to be submitted by 4/4/2025, but given the timing of this written Order and Plaintiff's pro se status, the Court is providing the Plaintiff with additional time to submit this letter.

4

Plaintiff is being prohibited from viewing documents in the Law Library and investigate other alternative areas where plaintiff can view the 32 documents. Their 4/4/2025 letter must include an update on the results of their investigation.

9. **Alleged Withheld Names of Individuals** – Plaintiff alleged at the conference that the DOCCS Defendants were withholding the names of individuals who either could be named defendants in this action or witnesses for him to contact about testifying before or during trial. After Plaintiff abruptly left the conference, the Defendants surmised that Plaintiff may have lost access to documents already provided by the DOCCS Defendants, which caused him to believe that the discovery provided was missing names of individuals. The discovery was referred to as a "September production," which may have been a reference to the DOCCS Defendants' initial disclosures to Plaintiff under Rule 26 on September 17, 2024. The Court directed the DOCCS Defendants to provide courtesy copies of the "September production" to Plaintiff and the Court as soon as possible.

**SO ORDERED.**

DATED:   White Plains, New York
         4/3/2025

_____
VICTORIA REZNIK
United States Magistrate Judge