UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Willie Bright,

                        Plaintiff,

                -against-

Anthony J. Annucci, et al.,

                       Defendants.
------------------------------------------------------------------X

18-cv-11111-NSR-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Plaintiff moves for an order requesting pro bono counsel in this action. (ECF No. 344). For the reasons below, the Court partially **GRANTS** Plaintiff's motion to the extent that the Court will request that a pro bono attorney represent him for the limited purpose of completing discovery. As explained below, if no attorney takes on the case within 60 days of the entry of this Order, the Court will set firm deadlines to govern the remainder of discovery, including a new date for Plaintiff's deposition.

**BACKGROUND**

Plaintiff commenced this 42 U.S.C. § 1983 action against Defendants in November 2018. (ECF No. 2). Shortly thereafter, Plaintiff moved for an order requesting counsel, (ECF No. 3), which he reiterated through a second motion in March 2019. (ECF No. 30). By opinion and order dated March 18, 2019, Judge Román denied the motions as premature, because all the necessary parties were not yet identified, and the pleadings stage of the action was not complete. (ECF No. 36). In March 2020, Plaintiff again moved for an order requesting counsel,

(ECF No. 83), which was denied for the same reasons as his prior applications. (ECF No. 89).

In October 2021, after Plaintiff's amended complaint survived dismissal,[1] he moved for a third time seeking an order requesting counsel. (ECF No. 114). In his motion, Plaintiff stated that he needed counsel because he could not maintain possession of documents while incarcerated, he could not access the law library at his correctional facility, and he didn't know how to proceed in the litigation. (*Id.* at 1–3). By opinion and order dated October 28, 2021, Judge Román granted the motion after concluding that Plaintiff's remaining claims were "likely to be of substance," (ECF No. 116 at 3) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 62 (2d Cir. 1986)), and that all the factors identified in *Hodge* weighed in favor of the Court requesting that an attorney provide pro bono representation to Plaintiff. (ECF No. 116 at 4).

Plaintiff amended his complaint for a second and final time in December 2021. (ECF No. 122). His allegations broke down into four incident categories: (1) a December 2015 assault where a defendant allegedly inserted his fist into Plaintiff's anus after Plaintiff attempted suicide by hanging; (2) the aftermath of the December 2015 assault where he was ignored and retaliated against by

---

[1] Plaintiff moved to amend his complaint in April 2019, (ECF No. 39), which the Court granted. (ECF No. 41). Defendant Anthony Ruvo ("Ruvo") and the remaining Defendants ("the DOCCS Defendants") subsequently moved separately to dismiss the amended complaint, (ECF Nos. 104, 107). By opinion and order dated September 28, 2021, Ruvo's motion was denied and the DOCCS Defendants' motion was partially granted, leaving several of Plaintiff's claims alive. (ECF No. 110). The Court also granted Plaintiff leave to file a second amended complaint. (*Id.*).

2

some defendants; (3) a February 2016 assault where Plaintiff was allegedly punched in the face and had objects inserted into his rectum; and (4) a September 2016 assault where Plaintiff was allegedly punched in the face, raped, and had a metal object inserted into his rectum. (*Id.*). He asserted several claims against Defendants, which included excessive force, sexual assault, retaliation, deliberate indifference, and failure to protect. (*Id.*). Many of the claims were directed to named defendants, but some were directed towards unnamed defendants that he simply referred to as "John Doe Strip Search Officers." (*Id.* at 4).

An attorney filed a notice of appearance on his behalf in September 2022. (ECF No. 159). But just one week after his first appearance, Plaintiff's counsel moved to withdraw his representation because Plaintiff "wishe[d] to proceed outside of the legal advice rendered by counsel," noting that under Rule 1.16, an attorney may withdraw when "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." (*Id.*). The Court issued an order to show cause against Plaintiff's counsel, which directed him to demonstrate why he should be permitted to withdraw and allowed him to submit any supporting documents to the Court under seal. (ECF No. 170). Shortly thereafter, the motion was granted. (ECF No. 174).

Ruvo and the DOCCS Defendants then moved to dismiss Plaintiff's second amended complaint. (ECF Nos. 255, 258). While those motions were

3

pending, Plaintiff filed a series of letters and motions between October 2023 and March 2024 seeking an order requesting that an attorney represent him, because he cannot conduct legal research and oppose the motions to dismiss while incarcerated. (ECF Nos. 251–54, 268–69, 271–72). By order dated April 26, 2024 ("the April 2024 order"), all of Plaintiff's applications were denied as premature based on the pending motions to dismiss. (ECF No. 274). The Court added that it was "hesitant" to request that a new attorney represent Plaintiff "[f]or the same reasons" it decided to grant the request of Plaintiff's prior pro bono counsel to withdraw his representation and highlighted that it granted that request after reviewing a sealed document submitted by the attorney. (*Id.* at 1–2).[2]

In June 2024, with Defendants' motions still pending, Plaintiff again sought an order requesting counsel, reiterating his arguments that counsel was necessary because he was unable to conduct legal research and oppose the motions to dismiss while incarcerated. (ECF No. 277). By opinion and order dated June 13, 2024, Ruvo's motion to dismiss was denied and the DOCCS Defendants' motion to dismiss was partially granted, leaving the following claims alive in the action:

- **The December 2015 Assault**
    o Failure to protect as against Defendants Annucci, Griffin, and Wilkins,
    o Excessive force as against Defendant Blot,

---

[2] But the Court also noted in a footnote that several *Hodge* factors supported requesting an attorney when discovery commenced. (ECF No. 274 at 2 n.2).

4

- o Assault as against Defendant Blot,
- o Retaliation as against Defendants Blot and Kahyaoglu,
- o Deliberate indifference as against Defendant Ruvo.

- **Aftermath of December 2015 Assault**
  - o Deliberate indifference as against Defendants Barta, Qureshi, and Gleason,
  - o Retaliation as against Defendants Qureshi and Gleason,
  - o Failure to protect as against Defendants Annucci, Griffin, and Urraca.

- **The February 2016 Assault**
  - o Deliberate indifference as against Defendants Bucolo, Roessal, Griffin, Wilkins, and the John Doe Strip Search Officers,[3]
  - o Sexual assault and excessive force as against Defendants Kelly, Dillon, Roggers, and the John Doe Strip Search Officers.

- **The September 2016 Assault**
  - o Deliberate indifference as against Defendant Bentevigna,
  - o Failure to protect as against Defendants Annucci, Urraca, and Cody,
  - o Excessive force and assault as against Defendants Freeman and Johaneman.

(ECF No. 276).

But Plaintiff's motion for an order requesting counsel was denied "for the reasons" provided in the April 2024 order. (*Id.* at 23). Defendants joined issue by their separate answers dated July 19, 2024, (ECF Nos. 281–82), and the parties commenced discovery.

---

[3] The DOCCS Defendants take issue with the survival of Plaintiff's claims as against the John Doe Strip Search Officers, and contend that Plaintiff improperly included them when he amended his complaint for a second time. (ECF Nos. 305 at 2–3; 331 at 2; 346 at 3). More specifically, they argue that Plaintiff's amendment exceeded the scope of Judge Román's order granting him leave to amend and that those claims are time-barred. (ECF No. 305 at 2–3; 331 at 2).

Just a few months later in September 2024, Plaintiff made another motion for an order requesting counsel and noted that he was in protective custody at his correctional facility, which limited his ability to possess documents, access the law library, and engage in discovery with Defendants. (ECF No. 292). By order entered October 16, 2024, ("the October 2024 Order"), Plaintiff's application was denied by the undersigned. (ECF No. 293).

Despite concluding that Plaintiff's claims were likely of substance and the *Hodge* factors weighed in favor of requesting counsel, the Court denied his application, in part, because there was "no basis to believe that the attorney-client relationship between Plaintiff and a new attorney would lead to an outcome different than that of his prior counsel." (*Id.* at 5). And Plaintiff's reasons for needing an attorney were also no different than when he made his prior applications. (*Id.*). But Plaintiff was granted leave to renew his application if the case proceeded to summary judgment after discovery closed. (*Id.* at 7).[4]

Plaintiff now moves again for an order requesting counsel, contending that an attorney is necessary to ensure that Defendants are complying with their discovery obligations to produce paper discovery and respond to his interrogatories, among other reasons. (ECF No. 344). The DOCCS Defendants oppose the motion, arguing that denial is required because a private attorney

---

[4] Shortly thereafter, Plaintiff again moved for an order requesting counsel, (ECF No. 297), but his application was denied "for the reasons stated in the [October 2024 Order]." (ECF No. 298 at 4).

had declined to represent Plaintiff and that the circumstances of the case have not changed since his prior applications were all denied. (ECF No. 346).

## **LEGAL STANDARD**

In criminal cases, an indigent defendant has a right to counsel. *Gideon v. Wainwright*, 372 U.S. 335, 343–45 (1963). But no such right to counsel exists in civil cases, *Turner v. Rogers*, 564 U.S. 431, 441–43 (2011), and a court need not provide an attorney to an indigent litigant in a civil case. *Hodge*, 802 F.2d at 60; *see U.S. v. Slusher*, 92 Cr. 322-02 (CSH), 1995 WL 417077, at *5 (S.D.N.Y. July 13, 1995). But under 28 U.S.C. § 1915, a court may request that an attorney serve as pro bono counsel for an indigent litigant in a civil case. *See* 28 U.S.C. § 1915(e)(1). When an indigent civil litigant seeks an order requesting counsel, granting the application does not "guarantee that the litigant will actually receive the assistance of counsel," it only ensures that "the litigant's case will be included on a list of cases circulated to attorneys volunteering to take on matters on a pro bono basis." *Slusher*, 1995 WL 417077, at *5. After a litigant's application is granted, he or she "will only receive the actual assistance of counsel if one of these volunteers chooses to take the case" and the litigant agrees to accept their representation. *(Id.)*.

In determining whether to issue an order requesting counsel, "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61. As an initial, threshold matter, "the court should first determine whether the movant's position 'seems likely to be of substance.'" *Alvarez v. Wright*, 797 F. App'x 576,

578 (2d Cir. 2019) (quoting *Hodge*, 802 F.2d at 61); *see also Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 69 (2d Cir. 2011). Once that threshold is met, the court considers several factors, which include: "(1) the nature of the factual issues involved; (2) the importance of credibility determinations; (3) the plaintiff's apparent ability to present the case; and (4) the complexity of the legal issues involved." *Kearney v. Fischer*, 609 F. App'x 673, 676 (2d Cir. 2015); *see Dolan v. Connolly*, 794 F.3d 290, 296-297 (2d Cir. 2015). But, ultimately, the decision to appoint counsel lies within the "broad discretion" of the court making that determination. *Hodge*, 802 F.2d at 60.

## DISCUSSION

As stated in the October 2024 Order, Plaintiff's remaining claims are likely to be of substance because they survived Defendants' separate motions to dismiss (ECF No. 276), and several *Hodge* factors favor requesting that an attorney represent Plaintiff on a pro bono basis. *See Ajaj v. Mackechnie*, No. 07 Civ. 5959(PKC)(DF), 2008 WL 3884375, at *2 (S.D.N.Y. Aug. 21, 2008) (finding plaintiff's claims had some chance of success because they survived defendants' initial motions to dismiss). Plaintiff's assault allegations involve a complex factual chronology with multiple incidents with multiple defendants over a period of several months. Those allegations also depend largely on a recollection of what happened on the dates of the alleged incidents, making them more likely to turn on witness testimony that inherently results in credibility determinations made by the jury. That importance of credibility determinations

8

favors requesting counsel. *See Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (reversing denial of order requesting counsel after concluding that plaintiff's case turned on developing facts related to reason for prisoner transfer, which involved credibility determinations).

Similarly, Plaintiff's incarceration makes it difficult for him to present his case, because it severely limits his ability to access witnesses and develop evidence. It has proven difficult for him to view audio/video evidence at his facility, he cannot take any depositions whatsoever, and some produced documents are confidential so that he cannot keep copies of them. Plaintiff has also been forced to contend with a recent labor strike by correctional facility staff, which caused his facility to close the law library and negatively impacted his ability to access legal documents. And he has alleged in letters that he has been subjected to continued harassment by facility staff that has inhibited his ability to maintain possession of paper discovery. All of this weighs in favor of requesting that an attorney represent him. *See Ajaj*, 2008 WL 3884375, at *3 (noting that plaintiff's incarceration impacted his ability to present his case and weighed in favor of requesting an attorney).

As noted above, this Court denied Plaintiff's earlier applications for pro bono counsel, in part, because of concerns that a new attorney-client relationship would lead to the same outcome as his first attorney-client relationship. But the circumstances of discovery have changed enough to warrant this Court's reconsideration. Although the parties have made some

progress in discovery, it has been consistently plagued by miscommunication among the parties and an inability for the Court to confirm whether and what discovery has been received or served by either side. Status conferences initially meant to clarify outstanding issues often become marathon calls in which one outstanding discovery issue gets replaced by two new ones. And the unending volley of letters submitted by the parties (largely fueled by Plaintiff's consistent letter writing) has done little to clarify what remains. To some extent, some of these issues likely exist in any case involving a pro se incarcerated plaintiff. But the multiple amended complaints and complex chronology of Plaintiff's allegations (and sheer number of named Defendants and potential witnesses), create additional difficulties in this case. Plaintiff being represented by counsel "would lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. Stated more plainly, counsel would help the parties and the Court narrow the outstanding issues and complete discovery, so the parties can move towards the next phase of the case. Given the late stage of the proceedings, the Court will request that counsel appear for the limited purpose of completing discovery. In addition, pro bono counsel may engage in settlement discussions.

    Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order. In particular, pro bono counsel will not be required to respond to dispositive motions. If Defendants file a dispositive motion, pro bono counsel may seek appropriate

relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, their representation of Plaintiff will end upon the completion of discovery.

But granting Plaintiff's request is not intended to stall discovery in this action indefinitely while the search for an attorney occurs. Nor is it intended to signal that the Court agrees with Plaintiff's assertions that no discovery can proceed at all without counsel or that counsel is necessary because Defendants have engaged in discovery misconduct. The Court makes no such findings. Instead, while the search for pro bono counsel proceeds, the Court will continue to resolve certain outstanding discovery issues, including the potential identification of John Doe Strip Search Officers and Defendants' pending request to move to dismiss.[5] If no attorney agrees to represent Plaintiff and files a notice of appearance within 60 days of the date of entry of this Order, the Court will set firm and final deadlines to govern the completion of discovery, including a new date for Plaintiff's deposition. And Plaintiff is advised that if he fails to attend and complete his own deposition, the Court may impose sanctions under Fed. R. Civ. P. 37(d), which may include an order dismissing this action. To be clear, as mentioned above, granting Plaintiff's application does not guarantee that he will now be represented by counsel. It only means that the

---

[5] The Court will issue a separate order to address these and other outstanding discovery issues raised by the parties' most recent letters.

11

Court will include his case among the list of cases sent to attorneys interested in providing pro bono representation. And if no attorney agrees to take on the case, this case must still proceed to the next phase.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or the Court here.

## CONCLUSION

For the reasons above, Plaintiff's application for the Court to request pro bono counsel is GRANTED in part, to the extent that the Court will make a request to the Clerk of Court to secure pro bono representation for Plaintiff for the limited purpose of completing discovery. If no attorney agrees to represent Plaintiff and files a notice of appearance within 60 days of the date of entry of this Order, the Court will set firm deadlines to govern the remainder of discovery, including a new date for Plaintiff's deposition.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 344. The Clerk of Court is also respectfully directed to mail a copy of this order to Plaintiff and show service on the docket.

**SO ORDERED.**

DATED:   White Plains, New York
            5/13/2025

_____
VICTORIA REZNIK
United States Magistrate Judge