UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Willie Bright,

                      Plaintiff,                          18-cv-11111-NSR-VR

      -against-                                 **ORDER**

Anthony J, Annucci, et al.,

                      Defendants.
------------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

    In his second amended complaint, Plaintiff asserted claims against unnamed "John Doe Strip Search Officers" and alleged that five correctional officers assaulted him while performing a strip search inspection inside his facility. (ECF No. 122 at 26–27). In December 2023, the DOCCS Defendants moved for partial dismissal of the second amended complaint (ECF No. 255). The motion was granted in part and denied in part, and Judge Román explicitly outlined which of Plaintiff's claims survived dismissal. (ECF No. 276). Among the claims that survived were Plaintiff's claims of deliberate indifference, sexual assault and excessive force against "all John Doe Officers assigned to observe and assist in the inspection of Plaintiff on February 28, 2016," i.e., the John Doe Strip Search Officers. (*Id.* at 22–23).

    But throughout discovery, the identities of these individuals were never determined. Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a pro se litigant is entitled to assistance from the Court in identifying a defendant. *See id.* at 76. In April 2025, Plaintiff submitted two letters in which he provided

1

surnames of the individuals he believes to be the John Doe Strip Search Officers, listing "Sgt. Assaniro, Officer Newman, Rayez, Forsyth[,] Chiapperino, [and] Johnson" in one letter, and "Collins, Reyes[,] and all other officers listed in that logbook" in another.[1] (ECF No. 340 at 4–5; 344 at 6). This is sufficient information to permit the DOCCS Defendants to identify "all John Doe Officers assigned to observe and assist in the inspection of Plaintiff on February 28, 2016." (ECF No. 276 at 22–23).[2]

It is therefore ordered that the New York State Attorney General, which is the attorney for and agent of the DOCCS Defendants, shall ascertain the identities of the John Doe Strip Search Officers, all of whom Plaintiff seeks to sue here, and the addresses where these defendants may be served. The New

---

[1] Plaintiff does not explicitly identify what logbook he is referring to, but it appears to be a logbook dated February 28, 2016.

[2] The DOCCS Defendants have repeatedly asserted in letters submitted to the Court that Plaintiff's inclusion of these claims against the John Doe Strip Search Officers exceeded the scope of leave permitted by Judge Román when he granted Plaintiff leave to amend his complaint for a second time. (ECF Nos. 346 at 3; 331 at 2). The Court continues to decline to rule on the merits of this argument for two reasons.

First, Judge Román's opinion on the motion to dismiss Plaintiff's second amended complaint says that the claims against the John Doe Strip Search Officers survived. He explained that Plaintiff was only allowed to replead claims from his first amended complaint that were dismissed without prejudice, which covered some Eighth Amendment deliberate indifference claims, Eighth Amendment failure to protect claims, and injunctive relief claims. (ECF No. 276 at 10). He also explicitly noted that the second amended complaint contained "novel claims," which he dismissed with prejudice because they were not properly before the Court. (*Id.* at 11). But his analysis about Plaintiff exceeding the scope of leave did not mention the John Doe Strip Search Officers and he explicitly concluded that the claims against them survived. (*Id.* at 22–23).

Second, if the DOCCS Defendants disagree with Judge Román's ruling or interpret it differently, they should raise it with Judge Román in the first instance or in future dispositive motion practice. Until then, the undersigned will continue in its obligation to assist Plaintiff, a pro se litigant, with identifying John Doe defendants under *Valentin*.

2

York State Attorney General shall provide this information to Plaintiff and the Court within 45 days of the date of entry of this order.

In the interest of efficiency, because of the substantial length of Plaintiff's handwritten second amended complaint and his status as an incarcerated litigant proceeding pro se, the Court will amend the caption of this action pursuant to Rule 21 to substitute the names of the individuals identified within 30 days of receiving that information. *See Simon v. City of N.Y. Dep't of Corr.*, 2022 WL 3718832, at *1 n.1 (using Rule 21 to amend caption and name previously-unnamed defendants after they were identified by defendants). The Court will also issue, if necessary, an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the newly named defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

**SO ORDERED.**

DATED:   White Plains, New York
         5/27/2025

_____
VICTORIA REZNIK
United States Magistrate Judge