# Law Office of Amy Jane Agnew, P.C.

Honorable Victoria Reznik
Magistrate Judge, Southern District of New York
300 Quarropas Street
White Plains, New York 10601



December 5, 2025

**VIA ECF**

Re:     ***Bright v. Annucci, et al.,* 18-cv-11111 (NSR)(VR)**

Dear Judge Reznik:

Our office serves as *pro bono* counsel to Plaintiff, Willie Bright, along with co-counsel from Cohen Gresser.  I write with a status report.

**DISCOVERY**

Pursuant to the Parties' Confidentiality Stipulation and Order, Plaintiff has challenged designations of "confidential" on hundreds of pages of internal emails that were so designated by the OAG.  Generally, these designated documents fall into a number of categories not contemplated by the Confidentiality Stipulation, including emails almost a decade old between former DOCCS employees that cannot possibly create a risk to current security and safety, many pages of documents that are generally possessed by prisoners such as their own statements, misbehavior reports, and other documents subject to FOIL in the normal course, and DOCCS' Directives that do not bear "D" designations.  We anticipate working out these issues with Defendants' counsel in the normal course.  To the extent the parties cannot agree, the OAG will move for a protective order pursuant to the terms of the Confidentiality Stipulation.  At this juncture because the designations were so vast, there are very limited pages we can allow Plaintiff to possess.  This limitation has real implications on our ability to work with our client to prosecute his case as it necessitates face-to-face visits with our client where we must wait for him to review documents.

Plaintiff has also served Rule 26 Disclosures and verified responses to Defendants' interrogatories.  The parties are working productively on paper discovery.

Moving forward, the parties jointly suggest the following discovery calendar:

| | |
|---|---|
| Paper Discovery End Date: | March 15, 2026 |
| Fact Depositions End Date: | May 22, 2026 |
| Expert Disclosures (if any): | June 26, 2026 |
| Expert Rebuttals: | July 31, 2026 |
| Dispositive Motion Filing: | October 2, 2026 |

**JOHN DOE DEFENDANTS**

As I indicated in my last status letter, DOCCS seems to have destroyed the log books that would help identify the officers involved in the February 2016 assault.  However, in reviewing internal emails, a DOCCS' OSI investigator sent an email to the New York State Police identifying the officers he believed to be involved.  At this time, that seems to be the most reliable source for identification.  We have named those defendants under the fictitious party rule in the draft Amended Complaint.

**AMENDED COMPLAINT**

Unfortunately, the filing of the Amended Complaint is a bit more complicated.  *Pro bono* counsel has drafted an Amended Complaint that comports with Plaintiff's wishes and Judge Roman's orders to date.  However, after hours of discussion internally and with our client, we conclude that pursuant to our obligations under Rule 11, we cannot sign the pleading as Plaintiff would like it to be submitted.  Our *pro bono* team has spent over 18 face-to-face hours with Plaintiff at Sing Sing trying to reach a solution.  In order to keep the case moving, we propose that Mr. Bright signs and files the Amended Complaint.  We have sent the Amended Complaint to Plaintiff for his signature and will file it as soon as it arrives in our office.

**SO ORDERED SUBPOENAS**

In furtherance of discovery, I am respectfully requesting that the Court so order subpoenas to the following entities: 1) the New York State Office of Mental Health from which we are requesting Mr. Bright's entire file, including the Correspondence section; and 2) the New York State Police.  Ordinarily, we would request the OMH file through counsel for OMH defendants.  However, in this instance, we need to review the file for relevance and with Mr. Bright.  Mr. Bright currently enjoys a psychotherapist/patient privilege and we do need to advise him on the implications of waiving that privilege.  It is impossible to advise him without a hint of the nature of the waiver.  Given the nature of the records sought, criminal investigation files and mental health records, these entities do require so ordered subpoenas.

We thank the Court for its courtesy.

The parties' request is **GRANTED**. The discovery deadlines proposed above are adopted. The parties are directed to appear for a Status Conference on **12/17/2025 at 11:00 a.m.**. The parties are to dial into the **Cisco Webex conference line at 855-244-8681, enter Meeting ID #2310 527 2044** and then # to enter the conference. At the Status Conference, the parties should be prepared to discuss the status of discovery and the issue regarding the proposed amended complaint. No amended complaint should be filed by Plaintiff until the issue is resolved at the conference.

The Clerk of Court is kindly directed to close the gavel associated with ECF No. 374.

Very truly yours,

*/s/ AJ Agnew*

Amy Jane Agnew, Esq.
*Pro Bono Counsel for Plaintiff*

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.
Dated: 12/8/2025