# Law Office of Amy Jane Agnew, P.C.

Honorable Victoria Reznik
Magistrate Judge, Southern District of New York
300 Quarropas Street
White Plains, New York 10601



January 2, 2026

**VIA ECF**

Re:     ***Bright v. Annucci, et al.*, 18-cv-11111 (NSR)(VR)**

Dear Judge Reznik:

Our office serves as *pro bono* counsel to Plaintiff, Willie Bright.  I write to respectfully request the Court limit the scope of my *pro bono* representation to paper discovery and at the completion of paper discovery, allow my firm leave to withdraw as *pro bono* counsel.

As was discussed at the parties' December 17, 2025 conference with the Court, this office faces ethical issues in defending Mr. Bright's deposition or signing any motions or pleadings.  We have discussed these issues *ad nauseum* with Mr. Bright in hopes that he would be willing to dismiss the complicating claim and intended motions, but Mr. Bright is adamant in pursuing same.  Our position in no way indicates that the bulk of Mr. Bright's claims are not meritorious, nonetheless, the rules of ethics work in such a way that without a voluntary dismissal over some very limited issues we cannot continue to serve as plaintiff's counsel.

On December 16, 2025, our co-counsel at Cohen Gresser was granted leave to withdraw under the same conditions and considerations faced by our firm.  (Dkt. No. 378.)  However, I know how very difficult it is for *pro se* plaintiffs – especially those incarcerated – to gain access to adequate and reasonable discovery.  Despite the considerable issues representing Mr. Bright, I have committed to ensuring Mr. Bright has access to as much discovery as possible.  This is especially necessary as Defendants' counsel applied 'Confidential' designations to the great bulk of responsive documents from DOCCS' custodial email files.  The designation would mean that Mr. Bright cannot possess the documents in order to review or prepare any submissions to the Court.  As the great bulk of designations are, in my opinion, inappropriate, it is important that the designation issues are resolved.  The parties are working through the designation issues, but I believe Mr. Bright – whether he chooses to acknowledge same or not – will benefit from counsel navigating paper discovery.

Another issue arose this week when the NYS Office of Mental Health's counsel, Mr. Alexander Shapiro, objected to this Court's so ordered subpoena with the argument that a federal court is not a "court of record" under NY State Judiciary Law for purposes of access to NYS Office of Mental Health records.  As I have been receiving OMH records for over a decade using so ordered subpoenas from federal courts, I cannot imagine this objection is anything other than delay and noise, but nonetheless, Mr. Bright cannot be left to fend for himself.  As OMH is objecting to the release of the "Correspondence" portion of Mr. Bright's file and not his clinical record, I will first request same from Ms. Mettham, who represents the OMH defendants.  As Mr. Bright's communications with OMH defendants are mentioned repeatedly in the Complaint, I cannot

---

*New York Office*                         (973) 600-1724          aj@ajagnew.com          *New Jersey Office*
24 Fifth Avenue, Suite 1701                                                                36 Page Hill Road
New York, NY 10011                                                                         Far Hills, NJ 07931

imagine there will be a bona fide objection to production of the OMH Communication file.  I will return to the Court if this request is also resisted.  The above are just examples of why *pro se* plaintiffs should be afforded *pro bono* counsel for discovery.

I am hopeful the Court will limit my representation so I can fulfill this obligation to Mr. Bright, even if the ethics rules do not allow for my full representation.

I thank the Court for its courtesy.

Very truly yours,

*/s/ AJ Agnew*

Amy Jane Agnew, Esq.
*Pro Bono Counsel for Plaintiff*

The request by Plaintiff's counsel is **GRANTED**. The scope of counsel's pro bono representation is now limited to paper discovery. At the close of paper discovery, Plaintiff's counsel is directed to file a Notice of Completion. As explained in this Court's prior order granting Plaintiff's request for pro bono counsel (ECF No. 347), upon the filing of that notice, the representation will terminate and Plaintiff's counsel will have no further obligations or responsibilities to Plaintiff or this Court.

The Clerk of Court is kindly directed to close the gavel associated with ECF No. 382.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 1/5/2026

---