# Law Office of Amy Jane Agnew, P.C.

Honorable Victoria Reznik
Magistrate Judge, Southern District of New York
300 Quarropas Street
White Plains, New York 10601



April 11, 2026

**VIA ECF**

Re:     ***Bright v. Annucci, et al.,* 18-cv-11111 (NSR)(VR)**

Dear Judge Reznik:

Our office serves as *pro bono* counsel to Plaintiff, Willie Bright.  I write in brief response to Plaintiff's undated letter to the Court docketed at ECF 409.

On March 26, 2026, I personally sent two banker's boxes of discovery to Mr. Bright at Sing Sing Correctional Facility.  When Mr. Rogan and I last visited Mr. Bright, we took two and a half boxes of documents to review with him – including several redwelds of Confidential documents.  After our meeting, the officer would not accept the non-designated legal documents and requested that we ship them.  Generally, this is preferred so the facility can screen all the documents for contraband easily.  We took no issue with that request.  After I returned to my office, I personally packaged all the records in labeled redwelds and included a log of all documents by bates-stamp and document type.  I also included all pleadings, requests, interrogatories, and responses to date.  The only things not included were the documents currently designated as Confidential which the Court is reviewing, as well as Mr. Bright's OMH records.  Mr. Bright refused to review the limited OMH records we then possessed during our last visit and indicated he was preserving his psychotherapist patient privilege so there seemed no reason to ship them.  I spent hours personally preparing the boxes so that Mr. Bright could easily use the documents and access information.

To the extent these boxes arrived and were subsequently removed from Mr. Bright's possession, I would respectfully request Defendants' counsel find out the reason for same and provide this office with a copy of any deprivation order.  My understanding of DOCCS' policy is that a prisoner should not suffer a loss of property without a deprivation order explaining the reasons and the exact property removed from the prisoner's cell.  Mr. Bright needs access to the discovery.

Mr. Bright's letter also indicates this office has made no efforts to identify key witnesses. In particular, Mr. Bright is concerned about the identify of a "Nurse Barrett" whom he believes is an eyewitness to certain allegations in his complaint.  Mr. Bright was very abusive with me during our last meeting because we had not yet identified this nurse by full name, but I explained that we had still not received complete files from the NYS Office of Mental Health.  As Nurse Barrett was an OMH employee, there was no way to identify him from the DOCCS records in our possession.

On Friday, March 27, 2026, my office finally received the correspondence and clinical records directly from OMH and on Saturday, March 28, 2026, I received another box of OMH records from Defendants' counsel.   I dedicated the weekend to personally scanning, stamping,

*New York Office*          (973) 600-1724          aj@ajagnew.com          *New Jersey Office*
24 Fifth Avenue, Suite 1701                                                                              36 Page Hill Road
New York, NY 10011                                                                                     Far Hills, NJ 07931

and reviewing the records and was able to identify Nurse Barret as Mr. Ashbe Barrett. I amended Plaintiff's Rule 26 disclosures on Sunday, March 29, 2026 to include this name as well as a few others and served same on Defendants' counsel. On March 30, 2026, I sent this information on to Mr. Bright at Sing Sing via priority mail. According to USPS, the package arrived at Sing Sing on March 31, 2026. I also included in that mailing another copy of the declaration regarding Mr. Bright's psychotherapist-patient privilege and a pre-paid priority envelope back to our office.

Mr. Bright's letter also suggests I have affirmatively refused to get him a copy of the DOCCS' logbook directive, when, in fact, I have vehemently argued before this Court that it should not be designated as "Confidential" and he should have access to it. That Directive, among others, is among the Confidential designated documents awaiting the Court's review.

Finally, Mr. Bright takes issue that our office has not interviewed witnesses. From his Westlaw research, Mr. Bright is aware my office employs law student clerks. He believes these resources should be deployed to interview each and every person he has identified as having any knowledge about his allegations. I, early on, explained the reality of party depositions (not off the record interviews with counseled individuals) and the complications in this case created by Rule 11 for our continued representation and advancement of claims. My former co-counsel, Michelle St. Julien, and I spent two solid weekends amending the Complaint to resolve the Rule 11 issues. We explained in detail to Mr. Bright that those amendments would have allowed us to move forward with our representation. Mr. Bright refused this elegant solution. These Rule 11 issues will impede any counsel representing Mr. Bright. I, nonetheless, charitably offered to finish paper discovery on Mr. Bright's behalf so he would at least have access to the documents necessary to prosecute his claims. I have explained several times that we have agreed to this in the interests of justice but will not be conducting any other discovery due to the Rule 11 issues.

I believe that after the Court finishes its review of Confidential documents, Mr. Bright makes a final determination on his psychotherapist-patient privilege, and arrangements are made for Mr. Bright to have consistent access to paper and video discovery at Sing Sing, this office will more than satisfactorily fulfilled its *pro bono* obligations.

I thank the Court for its courtesy.

Very truly yours,

*/s/ AJ Agnew*

Amy Jane Agnew, Esq.
*Pro Bono Counsel for Plaintiff*

The DOCCS Defendants are directed to investigate the issue of boxes of legal materials being removed from Mr. Bright's cell. By no later than **4/21/2026**, the DOCCS Defendants are directed to submit a letter updating the Court on the outcome of their investigation.

The Clerk of Court is kindly directed to close the gavel associated with ECF No. 409.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 4/14/2026