USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 5/18/2026 _

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
Willie Bright,

                               Plaintiff,

                -against-
Anthony J. Annucci et al.,

                           Defendant.
------------------------------------------------------------------X

18-cv-11111-NSR-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

This Order resolves the status of Plaintiff Willie Bright's psychotherapist-patient privilege and the production of his Office of Mental Health (OMH) records. (ECF Nos. 389, 392). For the reasons discussed below, Mr. Bright has waived the psychotherapist-patient privilege and his OMH records are therefore discoverable.

**BACKGROUND**

In December 2023, the DOCCS Defendants moved to dismiss Plaintiff Willie Bright's operative claims against them (ECF No. 255), which Judge Román partially granted (ECF No. 276). Among Mr. Bright's remaining claims were § 1983 claims of deliberate indifference, retaliation, and failure to protect against Defendants Barta, Bentevigna, Cody, Gleason, Qureshi, and Roessal (the OMH Defendants), all of whom were employees of the Office of Mental Health (OMH) inside the New York Department of Corrections and Community Supervision (DOCCS). More specifically, Mr. Bright alleged, among other things, that the OMH Defendants refused to treat injuries he suffered during multiple alleged sexual assaults, refused his requests to be sent to the medical clinic or an outside hospital, and retaliated against him for declining to retract statements he made against correctional officers previously. (ECF No. 122 at 14–17,

1

20–21, 41–42). Mr. Bright also alleged specific emotional damages beyond garden variety emotional distress damages. (*Id.* at 43).

After Mr. Bright obtained pro bono representation, his counsel raised concerns about whether he understood the psychotherapist-patient privilege in his OMH records and the consequences of waiving it. (ECF No. 389 at 2–3). Pro bono counsel requested an opportunity to discuss the subject with Mr. Bright and confirm whether he wanted to preserve the privilege by withdrawing his claims for damages beyond garden variety emotional damages, in line with *In re Sims*, 534 F.3d 117 (2d Cir. 2008). (*Id.*). The DOCCS Defendants opposed the request, arguing that they were entitled to the OMH records because Mr. Bright already waived the privilege before pro bono counsel began representing him. (ECF No. 392 at 2–4).

At a conference in February 2026, the Court granted pro bono counsel's request and directed her to submit a letter "confirming whether [Mr. Bright] waived any psychotherapist privilege he had in his OMH records." (ECF No. 395). On March 13, 2026, pro bono counsel submitted a letter stating that Mr. Bright "chose to preserve his psychotherapist-patient privilege" and she was preparing a declaration to formalize that preservation. (ECF No. 401). In a memo endorsement, pro bono counsel was directed "to submit either the declaration signed by Mr. Bright or a letter updating the Court on its expected timing" by no later than March 31, 2026. (ECF No. 402 at 2). The memo endorsement also explained that in his operative complaint, Mr. Bright asserts claims for emotional distress damages that go beyond garden-variety emotional distress (*id.*), and "[a]s long as he pursues those non-garden-variety damages, he waives his psychotherapist privilege." (*Id.*). But he could preserve the privilege—and avoid producing his OMH records—"if he formally withdraws his claims for non-garden-

2

variety emotional distress and only seeks garden-variety emotional distress damages."
(*Id.*). The Court thus added that any declaration doing so, "must also make clear that
he is only seeking garden variety emotional distress damages." (*Id.*).

Shortly thereafter, the DOCCS Defendants submitted a letter seeking, among
other things, an order from this Court clarifying that Mr. Bright was also required to
withdraw his claims against the OMH Defendants if he preserved the privilege. (ECF
No. 405). Mr. Bright's pro bono counsel responded by arguing that such an order was
unnecessary because she explained to Mr. Bright that he was required to withdraw
those claims if he preserved the privilege and the declaration she provided to him
expressly stated as much. (ECF No. 406).[1] By order entered April 3, 2026, the DOCCS
Defendants' request was partially granted and Mr. Bright was directed to do two things
if he intended to preserve his privilege: "(1) withdraw all claims for non-garden-variety
emotional distress damages, and (2) dismiss the OMH Defendants from this action."
(ECF No. 408). The deadline to submit the declaration was extended to April 30, 2026.
(*Id.*). After that deadline expired, Mr. Bright's pro bono counsel was directed to submit
a letter updating the Court on the status of the declaration. (ECF No. 415).

Mr. Bright's pro bono counsel timely submitted her letter and stated that she
had yet to receive a signed declaration from Mr. Bright. (ECF No. 416). She explained
that she met with Mr. Bright for several hours on March 10, 2026, and he agreed to
preserve his psychotherapist-patient privilege after the two discussed the issue. (*Id.*).
After that March 10th meeting, she twice mailed him a declaration and prepaid

---

[1] While that dispute was pending, Plaintiff's pro bono counsel submitted a letter stating that she had
not received a signed declaration from Mr. Bright, but she mailed him an additional copy after they
experienced some separate mailing issues with his correctional facility. (ECF No. 406).

envelope. (*Id.*). And she later sent him a letter on April 29, 2026, "reminding him of the importance of returning the signed declaration or informing us if he had determined to waive the privilege." (*Id.*). But Mr. Bright never returned a signed declaration and had made almost no contact with her after the March 10th meeting. (*Id.*).[2]

## **DISCUSSION**

The psychotherapist-patient privilege is well established. *See Jaffee v. Redmond*, 518 U.S. 1, 10–16 (1996) ("[C]onfidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."); *In re Sims*, 534 F.3d 117, 130 (2d Cir. 2008) (explaining that *Jaffee* held "federal courts are required to recognize" psychotherapist-patient privilege). But this privilege, like other privileges, may be waived. *See In re Sims*, 534 F. 3d at 131 ("'[L]ike other testimonial privileges, the patient may of course waive the protection.'" (quoting *Jaffee*, 518 U.S. at 15 n.14)).

One way to waive the privilege is to put one's "mental and emotional condition at issue" in the case. *Kerman v. City of New York*, No. 96 CIV. 7865(LMM), 1997 WL 666261, at *3 (S.D.N.Y. Oct. 24, 1997); *see Doe v. Sarah Lawrence Coll.*, 19 Civ. 10028 (PMH)(JCM), 2021 WL 197132, at *4 (S.D.N.Y. Jan. 20, 2021). A plaintiff may do that by the claims he brings or by the damages he seeks. As to claims, a plaintiff puts their mental condition at issue when the "plaintiff's mental status is fundamental to the events and claims related to" the case. *Cuoco v. U.S. B.O.P.*, No. 98 Civ. 9009(WHP), 2003 WL 1618530, at *3 (S.D.N.Y. Mar. 27, 2003) (finding plaintiff waived privilege by

---

[2] Mr. Bright's pro bono counsel referred to one letter she received from Mr. Bright dated March 16, 2026, but it "made no mention of the declaration or his privilege." (ECF No. 416).

placing condition at issue when she alleged defendants caused her "mental trauma" and "intended to humiliate, degrade[,] and otherwise inflict physical and emotional injury upon her" (citation modified)); *see Doe*, 2021 WL 197132, at *4 (finding plaintiff waived privilege by alleging "her extensive emotional damages stem from Defendants' alleged misconduct"). As to damages, a plaintiff also puts his mental condition at issue by seeking "severe emotional distress" damages—that is, damages beyond the garden variety kind. *Haygood v. Mastercard Int'l Inc.*, 1:25-cv-03548 (AT) (SDA); 2026 WL 962482, at *2 (S.D.N.Y. Apr. 9, 2026); *see Kerman*, 1997 WL 666261, at *4 (finding plaintiff waived privilege by alleging "defendants' conduct caused him great physical, mental[,] and emotional damages" (internal quotation marks and citations omitted)).

Here, Mr. Bright has done both. His remaining claims include § 1983 claims of deliberate indifference, retaliation, and failure to protect against Defendants Barta, Bentevigna, Cody, Gleason, Roessel, and Qureshi (the OMH Defendants), all of whom are OMH employees. (ECF No. 276 at 22–23). He alleges that the OMH Defendants refused his repeated requests to be sent to the medical clinic or outside hospital for treatment of his injuries after the alleged assaults happened, and they ignored statements by him that he was hearing voices in his head that advocated for him to commit suicide. (ECF No. 122 at 14–18, 34). He also alleges that this indifference was done to retaliate against him for his refusal to retract statements he made about other correctional facility employees. (*Id.* at 15–18, 21). Because Mr. Bright was in the care of these OMH employees, his OMH records are central to the case. They may show his mental status, what the OMH Defendants knew, and what those defendants did—or did not do—in response. That information is fundamental to Mr. Bright's claims and to the OMH Defendants' defense.

5

Mr. Bright's damages allegations point the same way. In his operative pleading, he alleged that he has "nightmares of being raped and assaulted," suffers emotionally "every day," "struggle[s] with feelings of self harm," relives his attacks years after they allegedly occurred, and fears every staff member at his correctional facility. (ECF No. 122 at 43). "[T]hese numerous and specific allegations of emotional injury do not fit within the category of mere 'garden variety claims.'" *In re Consolidated RNC Cases*, 2009 WL 130178, *7 (S.D.N.Y. Jan. 8, 2009) (finding plaintiff put condition at issue by alleging "severe emotional distress, emotional injuries, psychological harm, mental anguish, mental injury, embarrassment, humiliation, shock, fright, and apprehension"); *see Kerman*, 1997 WL 666261, at *4; *Doe*, 2021 WL 197132, at *4 (finding plaintiff put condition at issue by seeking "over $6,000,000 in compensatory damages for her hospitalization, future mental health treatment, and lost opportunities for years to come"). They show instead that Mr. Bright's claimed emotional harm "is at the heart of [this] litigation." *Cuoco*, 2003 WL 1618530, at *3 (finding plaintiff waived privilege after putting condition at issue). He has therefore waived the psychotherapist-patient privilege.

To be sure, a plaintiff may avoid waiver by narrowing his case. "[A] plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege." *In re Sims*, 534 F.3d at 134. But there is a tradeoff. A plaintiff who takes that path limits himself to garden variety emotional distress damages. *Lyon v. Paramount Glob.*, 22-CV-9229 (JGLC), 2023 WL 6664554, at *2 (S.D.N.Y. Oct. 12, 2023) (explaining consequences of withdrawing claims for nongarden variety emotional damages); *Galgano v. County of Putnam*, 16 Civ. 3572 (KMK)(PED), 2020 WL 12968021, at *1 (S.D.N.Y. Sept. 9, 2020) (similar).

Here, the Court gave Mr. Bright several chances to make that choice. It allowed him to preserve the privilege by formally withdrawing his claims against the OMH Defendants and his claims for nongarden variety emotional distress damages. (ECF Nos. 395, 402, 408). The Court and Mr. Bright's pro bono counsel told him exactly what he needed to do. (ECF Nos. 395, 401–02, 408, 416). Counsel gave him multiple copies of the required declaration, along with an envelope to return it by mail. (ECF No. 416). And the Court twice extended the deadline for submitting it. (ECF Nos. 408, 415).

Mr. Bright still did not submit the declaration. Since this privilege issue arose, he has made almost no contact with his attorney. His only communication was a single letter that did not mention the privilege issue. (ECF No. 416). And despite submitting multiple letters to the Court during that same period, he failed to mention the declaration or whether he was preserving the privilege. (ECF Nos. 394, 396, 403, 409, 413).

That leaves only one conclusion. Mr. Bright has waived the psychotherapist-patient privilege. His OMH records are therefore discoverable. *See Kerman*, 1997 WL 666261, at *4 ("Because plaintiff has waived this [psychotherapist-patient] privilege, his mental health records are discoverable.").

## <u>CONCLUSION</u>

For the reasons explained above, Plaintiff Willie Bright is deemed to have waived his psychotherapist-patient privilege. By May 26, 2026, Plaintiff's counsel is directed to produce Mr. Bright's OMH records to the DOCCS Defendants with a confidential designation and to file proof of service on the docket.

The Court will separately issue an order scheduling a conference with the parties to discuss the status of paper discovery.

**SO ORDERED.**

DATED:    White Plains, New York
          5/18/2026

_____

VICTORIA REZNIK
United States Magistrate Judge