USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/13/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

Willie Bright,

Plaintiff,

-against-

Anthony J. Annucci et al.,

Defendant.

---------------------------------------------------------------X

18-cv-11111-NSR-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

On July 9, 2026, Plaintiff submitted a letter objecting to several discovery-related matters. (ECF No. 434). He argues that his former pro bono attorney, Ms. Agnew, failed to seek certain DOCCS directives and that he has been unable to view video evidence at his facility. (*Id.*). He also asks the Court to help him obtain new pro bono counsel. (*Id.*).

Ms. Agnew's limited pro bono representation has ended, and Plaintiff is now proceeding pro se. The Court will address Plaintiff's repeated requests for new pro bono counsel in a separate order. For now, Plaintiff should understand that, unlike a criminal defendant, he has no right to counsel in this civil action. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Courts instead have "[b]road discretion" in deciding whether to grant an indigent litigant's request for representation. *Id.* And even when a court concludes that counsel is warranted, the *in forma pauperis* statute does not authorize the court to "appoint" counsel; it permits the court only to "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989).

The Court has previously granted Mr. Bright's request for pro bono counsel. As a result, several attorneys have represented him pro bono during discovery, including

one who represented him as recently as June 2026. Those representations, however, were not without conflict and ultimately led each attorney to withdraw or limit the scope of their representation. The Court is therefore hesitant to grant Mr. Bright's renewed requests for counsel and will address the matter more fully in a separate order.

Plaintiff's concerns about being able to view video evidence at his facility are being addressed by counsel for the DOCCS Defendants, who have stated that they will facilitate his review. (ECF No. 433). But the DOCCS Defendants are directed to respond to Plaintiff's request for the other directives identified in his letter. Their response is due no later than July 20, 2026.

**SO ORDERED.**

DATED: White Plains, New York
7/13/2026

VICTORIA REZNIK
United States Magistrate Judge