USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

Willie Bright,

Plaintiff,

-against-

Anthony J. Annucci et al.,

Defendant.

--------------------------------------------------------------X

18-cv-11111-NSR-VR

**ORDER REGARDING DEPOSITION**

**VICTORIA REZNIK, United States Magistrate Judge:**

In October 2024, Judge Román entered an order authorizing the deposition of Mr. Bright under Rule 30(a)(2)(B) of the Federal Rules of Civil procedure. (ECF No. 296).

On July 20, 2026, counsel for the DOCCS Defendants reported that she and counsel for Defendant Ruvo traveled to Mr. Bright's facility to depose him. (ECF No. 437). Mr. Bright appeared for his deposition but refused to answer any questions. He offered three reasons: first, he allegedly did not know that the deposition had been scheduled for that date and time; second, he had not had enough time to review documents that his pro bono counsel provided after her representation ended; and, third, a "legal advocate" had told him that a new attorney might take his case. (*Id.*).

The Court directed defense counsel to reschedule the deposition and notify the Court of the new date. (ECF No. 438). Counsel for the DOCCS Defendants later reported that the deposition had been rescheduled for **August 25, 2026**. (ECF No. 439).

Mr. Bright is hereby ORDERED to appear for his deposition on August 25, 2026, to answer questions, and to complete his deposition. If he obtains new counsel before then, counsel must file a notice of appearance by August 24, 2026. If no attorney files a notice of appearance by that date, the deposition will proceed as scheduled, and Mr. Bright must appear, answer questions, and complete the deposition.

Mr. Bright is advised that if he fails to appear for his deposition, answer questions, and complete his deposition, the Court may impose sanctions under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure, which may include an order dismissing this action. *See Beyah v. Coughlin*, 113 F.3d 1229 (Table) (2d Cir. 1997) (affirming dismissal of action under Rule 37(d) where pro se incarcerated plaintiff refused to complete deposition despite court order directing him to appear); *Ampudia v. Lloyd*, 531 F. App'x 32, 33–35 (2d Cir. 2013) (summary order) (affirming dismissal of action under Rule 41(b) where pro se plaintiff "skipped" first deposition and abruptly exited second deposition because court order instructed him to appear and complete deposition).

Defendants are directed to mail a copy of this Order to Mr. Bright and file proof of service on the docket.

**SO ORDERED.**

DATED: White Plains, New York
07/31/26

VICTORIA REZNIK
United States Magistrate Judge