USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/14/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

Willie Bright,

Plaintiff,

-against-

Anthony J. Annucci et al.,

Defendant.

-------------------------------------------------------------X

18-cv-11111-NSR-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

On August 10, 2026, this Court issued an order resolving several discovery disputes but identified two that remained outstanding: (1) Plaintiff's alleged interrogatories to the newly named defendants; and (2) the DOCCS Defendants' production of three specific Directives. (ECF No. 444 at 6–11). The Court directed the DOCCS Defendants to submit a letter confirming production of the three Directives and advising the Court whether Plaintiff had any outstanding interrogatories to the newly named defendants. (*Id.* at 11–12).

While awaiting that letter, the Court received a letter from Plaintiff objecting to conducting his August 25, 2026, deposition remotely and asking the Court to require an in-person deposition. (ECF No. 445 at 1–2). Shortly afterward, the DOCCS Defendants submitted a letter addressing both the remote deposition dispute and the directions in the August 10th Order. (ECF No. 446). They confirmed that they served Plaintiff with all three Directives, stated that they never received "any interrogatories directed at the newly named Defendants from Plaintiff or his prior counsel," and opposed Plaintiff's request for an in-person deposition. (*Id.* at 1–2).

## DISCUSSION

The Court addresses these three remaining items as follows:

### 1. Production of the DOCCS Directives

The DOCCS Defendants confirmed that they served Plaintiff with copies of Directive 4028A, Directive 4028B, and the Operations Manual. (ECF Nos. 446 at 1–2; 446-2). Thus, the Court considers this issue resolved.

### 2. Plaintiff's Interrogatories to the Newly Named Defendants

It is unclear whether Plaintiff served interrogatories on the newly named defendants or intended to do so after his pro bono representation ended. In the interest of fairness, and because these individuals were added late in the litigation around the time that Plaintiff's pro bono representation was ending, the Court will permit Plaintiff to serve interrogatories on the newly named defendants only.

But, as explained in the August 10th Order, the pendency of these targeted interrogatories "does not warrant postponement of Plaintiff's August 25, 2026, deposition" because Plaintiff fails to demonstrate that the associated responses "are a necessary prerequisite to his ability to appear for his deposition and testify about his own claims, allegations, and knowledge." (ECF No. 444 at 10–11). Plaintiff must therefore appear for his August 25, 2026, deposition and answer the questions asked of him.

**By September 13, 2026**, Plaintiff must serve his interrogatories on the newly named defendants. If he fails to timely do so, absent good cause, he will be deemed to have waived his opportunity to serve them.

**3. <u>Plaintiff's Request for an In-Person Deposition</u>**

Under the Federal Rules of Civil Procedure, a party deposition can be "taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4); *see Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. July 11, 2020). The parties may either stipulate to a remote deposition, or a party may move for an order requiring one. *See* Fed. R. Civ. P. 30(b)(4); *Rouviere*, 471 F. Supp. 3d at 574. Here, the parties dispute whether Plaintiff's August 25, 2026, deposition should be conducted remotely. (ECF Nos. 445–46). Thus, the Court construes the parties' letters as a motion by the DOCCS Defendants under Rule 30(b)(4) to conduct Plaintiff's deposition remotely.

Whether to grant such a motion is "left to the discretion of the Court, which must balance claims of prejudice and those of hardship and conduct a careful weighing of the relevant facts." *Rouviere*, 471 F. Supp. 3d at 574 (citation modified). And in this District, a Rule 30(b)(4) motion for a remote deposition "will presumptively be granted." S.D.N.Y. Civ. R. 30.2; *see Eletson Holdings Inc. v. Levona Holdings Ltd.*, 23-cv-7331 (LJL), 2025 WL 1950728, at *2 (S.D.N.Y. July 16, 2025) (citing Southern District Local Civil Rule 30.2).

The DOCCS Defendants argue that Plaintiff's deposition should proceed remotely because Plaintiff "has twice refused to sit for his deposition," which caused them to waste time and money traveling to Plaintiff's then-current correctional facility for an in-person deposition. (ECF No. 446 at 2). Conducting another in-person deposition at Plaintiff's current facility in Auburn—roughly 250 miles from New York City—would require additional travel and overnight expenses. (*Id.*). And

in the end, there is still the risk that Plaintiff may again refuse to appear. (*Id.*). Plaintiff responds that a remote deposition puts him at a "legal disadvantage" because he cannot know who else may be viewing his deposition remotely and he should have the same opportunity to question them. (ECF No. 445 at 1–2) (explaining he wants "the same opportunity to question witness (sic) and Defendants should they be remotely viewing [his deposition]").

But Plaintiff's objection rests on a misunderstanding of the deposition process. His deposition allows Defendants to question him directly about his claims and factual allegations; it does not provide Plaintiff with an opportunity to question Defendants in return. In any event, defense counsel has confirmed that no Defendants will participate in or remotely view Plaintiff's deposition. (ECF No. 446 at 2).

Nor has Plaintiff shown that a remote deposition would prejudice him. He makes an abstract, generalized statement that he will be legally disadvantaged if he is forced to participate in a remote deposition. That is insufficient to overcome the presumption favoring remote depositions in this District.

Remote depositions are "becoming the new normal," *Rouviere*, 471 F. Supp. 3d at 574 (internal quotation marks and citation omitted), as reflected in this District's Local Rules. They are also "frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides." *Jennette v. UPS, Inc.*, 22 Civ. 10783 (DEH), 2024 WL 3318120, at *1 (S.D.N.Y. June 25, 2024) (internal quotation marks and citation omitted).

Forcing the DOCCS Defendants to conduct an in-person deposition at Plaintiff's facility in Auburn would impose a hardship that outweighs Plaintiff's generalized concerns about being deposed remotely. For this reason, the DOCCS Defendants' request is granted, and Plaintiff's August 25, 2026, deposition may proceed remotely. *See id.* (granting request for remote deposition because defendant located hundreds of miles away and plaintiff failed to "establish why there is a need for in-person depositions or how a remote deposition will prejudice her"); *D'Arezzo v. Appel*, 1:22-cv-00177 (SDA), 2024 WL 538538, at *1–2 (S.D.N.Y. Feb. 8, 2024) (ordering plaintiff's deposition to be taken remotely because in-person deposition imposed hardship on plaintiff that was greater than "relative lack of prejudice to Defendants").

**CONCLUSION**

For the reasons explained above, Plaintiff is directed to serve his interrogatories on the newly named defendants by September 13, 2026, and the request by the DOCCS Defendants to take Plaintiff's August 25, 2026, deposition by remote means is GRANTED.

**SO ORDERED.**

DATED: White Plains, New York
08/14/2026

VICTORIA REZNIK
United States Magistrate Judge