MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED SDNY DOCKET UNIT 2026 SEP 2

Willie Bright — 18-cv-11111 (NSR-VR)

v — Motion to Strike Defendants Answer on Ground of Spoliation And Summary Judgment on Liability

Anthony Annucci et Al.,

RECEIVED SEP 02 2026 U.S.D.C. W.P.

Dear Judge Reznik

Your Honor The Defendants where on A Litigation Hold Prior AG BAHIYA LAWRENCE Reiterating This Fact To Them All By There own Doccs Directives And Protocols To Remove The clothing of A Sexual Assault Victim And have them sent To OSI For Forensic Testing And To Remove Victim To Another Location so That Photos of The Scene Maybe Taken As was Demonstrated By Non Party Sgt Peterson on Sep 5 2016, AG Methem Has Failed To Provide Me with That Specific Employee Directive Which Made Sgt Peterson Ask me To Remove My clothing

And He can Be seen on Camera Moving Me To Another Room Location After I was Anally Raped By Defendant Warren Freeman. The Specific employee Directive of why employee Peterson Did what He Did After The Sexual Assault was Requested from AG Methan And she sent The General Directive of Employees obligation To Report Sexual Assault which makes no Mention of The collecting of Clothing And Photos of The Scene Being Taken On Top of This Discovery Request for Sgt. Peterson Report And OSI Forensic Findings Where Request from AG Methan not only For This Feb 28 2016 Incident, But Also The Dec 29 2015, Sep 5 2016 And The Defendants Have Denied Me All Discovery Request on These FATAL Issues And I Respectfully Object To Be Denied This Discovery Information The very Fact That OSI was Involved with Each of These Assaults was notice of Credible Probability That These Matters would Become Litigations Irrespective of The OSI Investigation Findings And As Such They where OBligated To Preserve All Evidence Relating To These matters non Party OSI Russo Assured Me she

Would Review The Evidence of Micheal Blot entering My cell And Throwing out The Rooms Mattress Covered In My Blood Before leaving with My Clothing In His Hands, She Assured Me she Would speak To EYE Witness Nurse Barrit And All The Inmate Witness In The cell AT The Time of The Incident, she Assured Me she Would Findout what Defendant Dr. Russo Had To say About My Report To Being Denied Any And All Medical Treatment The Defendants Have Failed To Honor My Discovery Request for All of form OSI Russo Investigation Findings which Is Also FATAL To My Defense of This Civil Action I Again OBJECT To Being Denied Discovery Request From AG MeThan, As Counsel Attorney Agnew Intentionally Failed To Speak To OMH EYE Witness employee Nurse Barrit His EYE Witness Testimony As To what condition He found Me In After The sexual Assault Is FATAL Because My Attorney Macheral Has Told Me The Defendants Have Fabricated Medical Reports which she Reported In Her Amended Complaint And Im OBJecting To not Being Allowed To use Her Amended Complaint

Finally The Defendants Are Being Afforded Every Opportunity To Refute This Motion For Intentional Spoliation of Evidence By Sending These 8 Bags of Property To Auburn Prison They still Are under A Obligation To Preserve The Evidence In My Property Relating To This Civil Action, There Is no way for me To Successfully Defend This Claim Against A Summary Judgment Motion or even At Trial without The Relevant Document Defendant Michael Blot And non Party Sgt. James Is Intentionally Holding I say This Based on The Bulk Evidence of Employee D. William Fabricating He Had Personally handed the Property In The Prison VAN, The video surveillance From 12/29/26 HAD To Be Preserved Along with Photos of The Room And Forensic Findings BY OSI In All Three of These Incidents, This Along with Evidence now Being Intentionally Destroyed or Simply NOT Sent To Auburn Is Critical In My Discovery And The NEXT STAGE of This civil Action <Barone v. City of NY 52 A.D. 3d. 630) <Zubulake v. USB Warburg LLC. 220 F.R.D. 212) C.C. Court of Appeals

Willie Bright

By **September 28, 2026**, the DOCCS Defendants are directed to submit their opposition papers to Plaintiff's spoliation motion at ECF Nos. 457 and 458.

By **October 12, 2026**, Plaintiff is directed to submit his reply papers, if any.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 9/4/2026